**OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, Operating Engineers Central Pension Fund, Operating Engineers Local 139 Skill Improvement Fund, and Dale Miller, Plaintiffs,**

v.

**RAWSON PLUMBING, INC., Defendants.**

No. 00–C–1030.

United States District Court, E.D. Wisconsin.

Feb. 20, 2001.

Philip O'Brien, Milwaukee, WI, for Plaintiff.

## *ORDER*

ADELMAN, District Judge.

Plaintiffs seek payments allegedly due under collective bargaining agreements and pension trust plans. Defendant Rawson Plumbing, Inc. timely filed an "answer to summons" denying any indebtedness and asserting a counterclaim that in fact plaintiffs owe it money. Plaintiffs previously requested entry of judgment under Fed.R.Civ.P. 55(a) and moved for default judgment under Rule 55(b), alleging that defendant had failed to appear or otherwise defend within the meaning of Rule 55(a). The Clerk of Court properly declined to enter default in the face of defendant's answer, and I denied plaintiffs' motion for default judgment for the same reason.

█ I ordered the parties to appear for a status conference on February 15, 2001. Defendant neither appeared nor requested that it be rescheduled. At the conference, plaintiffs renewed their requests for entry of default and default judgment. Plaintiffs rely upon an important defect in defendant's answer; it is signed by Mark P. Derouin, who is presumably an officer or director of Rawson Plumbing, Inc., but is not an attorney admitted to practice in this court or in the state courts of Wisconsin. It has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citing *Osborn v. President of Bank of United States,* 22 U.S.(9 Wheat.) 738, 829, 6 L.Ed. 204 (1824)). Although other parties may appear pro se under 28 U.S.C. § 1654, corporations may not; a corporation is a legal entity with an independent legal existence unto its own, separate from the interest of its president and founder. *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County,* 543 F.2d 32, 34 (7th Cir.1976) (per curiam). Defendant's attempted answer, signed by a non-attorney, therefore cannot stand.

█ Plaintiffs' preferred remedy is to enter default and default judgment immediately. This would require treating defendant's attempted answer as a nullity, rather than merely a defectively-signed pleading. Plaintiffs cite no authority to treat an attempted answer as a nullity, and I am unable to find any. Moreover, Rule 55(b)(2) requires that before default judgment may be entered, a party that has "appeared in the action" must be given notice. This requirement is satisfied "where that party has actually made some presentation or submission to the district court in the pending action," *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 230 (7th Cir.1991) (emphasis omitted), and thus appears to be

satisfied by a defective pleading. Moreover, there is a strong policy favoring the adjudication of cases on their merits over default judgment. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1381 (7th Cir.1995). In addition, it is not obvious to a layperson that a non-attorney corporate officer may not appear pro se on a corporation's behalf. Given the significance of summary default or dismissal, a corporation attempting to proceed pro se must be provided notice that it is required to appear by counsel, just as a pro se plaintiff must be provided notice of the serious consequences of failing to submit affidavits in response to a motion for summary judgment. *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982). Imposing a default judgment, without advance notice or warning, upon a corporation that attempted to answer a complaint might well violate the Fifth Amendment's due process requirements. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) ("There are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause").

■ I believe that the best approach here is to treat defendant's attempted answer as though it were unsigned. Rule 11(a) requires all pleadings, motions, and other papers to be signed by an attorney of record for the party or (if the party is unrepresented) by the party. To be sure, the answer here is signed, but not by a person authorized to represent the corporation in federal court. *See Kovilic Constr. Co. v. Missbrenner,* 106 F.3d 768, 772 (7th Cir.1997) (suggesting that court might regard documents signed by person without authority to do so as equivalent of unsigned documents under Rule 11(a)). Under the last sentence of Rule 11(a), an opposing party may call the corporation's attention to the requirement that it must appear by counsel; and, if the defect is not corrected promptly, the opposing party should then file a motion with the court to strike the paper under Rule 11(a). A court is to grant such relief only if the moving party has somehow been severely prejudiced or misled by the defective paper, *United States v. Kasuboski,* 834 F.2d 1345, 1348–49 (7th Cir.1987); this is appropriate given that corporations are required to appear by counsel primarily in order to protect their shareholders, rather than opposing parties or the judicial system. Nonetheless, filing such a motion brings the issue to the court's attention, and the court may then order the corporation to appear by counsel within a reasonable time. This is the approach taken in *Stroud v. Senese,* 832 F.Supp. 1206, 1215 (N.D.Ill.1993), where the court provided union officers who improperly signed a complaint on behalf of their union with time to have an attorney of record sign the complaint, and in *Guess? Inc. v. Chang,* 912 F.Supp. 372, 380 (N.D.Ill.1995), where the court provided a plaintiff whose original counsel, rather than current counsel, signed its amended complaint, with time to have current counsel sign the amended complaint.

■ Where the defect is that a corporation's pleading is not signed by counsel, the court should also warn the corporation that failure to appear by counsel will lead to dismissal or default and default judgment. There is ample authority that default and default judgment may be entered against a corporation for continued noncompliance with a court's order to appear by counsel. *United States v. High Country Broadcasting Co.,* 3 F.3d 1244, 1245 (9th Cir.1993); *Securities & Exch. Comm'n v. Research Automation Corp.,* 521 F.2d 585, 590 (2nd Cir.1975). This approach is consistent with *Rowland* and *Strong Delivery,* in which the courts provided corporations with the opportunity to appear by counsel before dismissing or defaulting them.

Accordingly, **IT IS HEREBY ORDERED** that within **20 DAYS** of the date of this order, defendant Rawson Plumbing, Inc. shall **FILE AN ANSWER OR**

AMENDED ANSWER SIGNED BY COUNSEL.

Defendant Rawson Plumbing, Inc. is hereby **NOTIFIED** that, in light of its previous violation of a court order by failing to appear for the February 15, 2001 conference, failure to comply with this court order shall result in **ENTRY OF DEFAULT and ENTRY OF DEFAULT JUDGMENT.**