SAVE OUR CREEKS, Respondent,

v.

CITY OF BROOKLYN PARK, Appellant.

No. A03–1794.

Court of Appeals of Minnesota.

July 6, 2004.

Richard Brian Bates, St. Paul, MN, for respondent.

George C. Hoff, Justin L. Templin, Hoff, Barry & Kuderer, P.A., Eden Prairie, MN, for appellant.

Considered and decided by
SCHUMACHER, Presiding Judge;
LANSING, Judge; and
STONEBURNER, Judge.

## OPINION

LANSING, Judge.

The City of Brooklyn Park appeals from an order denying its motion to dismiss respondent corporation Save Our Creeks's (SOC) declaratory-judgment action. The city argues that the district court erred in concluding that a complaint signed by a nonlawyer on behalf of SOC, in derogation of the rule that a corporation must be represented by counsel in a legal proceeding, could be amended to add an attorney's signature. The city also argues that the district court erred in allowing the amendment to relate back to the original pleading to forestall the running of the statute of limitations. Because we conclude that the amendment and the relation back were proper, we affirm.

## FACTS

On August 7, 2003, respondent Save Our Creeks, a Minnesota corporation, brought a timely declaratory-judgment action against appellant City of Brooklyn Park, challenging the denial of its petition for an environmental-impact statement. The complaint clearly set forth the nature of SOC's claims against the city. It was signed by William Barton, a corporate officer who was not an attorney.

On August 21, after the thirty-day statutory period for seeking review of the city's decision had expired, the city brought a motion to dismiss, claiming that the complaint was null and that the omission of an attorney's signature was a noncurable jurisdictional defect. On September 5, attorney Brian Bates filed a notice of appearance on behalf of the corporation. On September 22, at the hearing on the city's motion to dismiss, Bates signed the complaint.

The district court treated the motion to dismiss as one for summary judgment and denied it. The court allowed SOC to amend the complaint, reasoning that the lack of an attorney's signature was not fatal under Minn. R. Civ. P. 11 and that SOC had acted promptly to correct the error after becoming aware of it. The court also allowed the amendment to relate back to the original pleading to forestall the running of the statute of limitations. Pursuant to Minn. R. Civ.App. P. 103.03(i), the court then certified to this court the question whether a complaint signed by a nonlawyer on behalf of a corporation is null.

## ISSUES

I.   Did the district court err in allowing SOC to amend its complaint, after the statutory period for seeking review of the city's decision had expired, to cure an initial failure to have an attorney sign the complaint on behalf of the corporation?

II.  Did the district court err in allowing the amended complaint to relate back to the original pleading?

## ANALYSIS

When certified questions arise from a denial of summary judgment, we review

the record to determine whether genuine issues of material fact remain for trial and whether the district court erred in applying the law. *Employers Mut. Cas. Co. v. A.C.C.T., Inc.*, 580 N.W.2d 490, 493 (Minn. 1998). Absent genuine issues of material fact, we review certified questions de novo. *Id.*

## I

The city first argues that because SOC's complaint was signed by a nonlawyer in derogation of the rule that a corporation must be represented by counsel in a legal proceeding, the complaint is null and the district court lacks jurisdiction to consider a motion to amend. The city's claim raises a question of first impression under Minnesota law.

■ Minnesota follows the common law rule that a corporation must be represented by an attorney in legal proceedings. *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn.1992). The rule is intended to protect the public from ineptitude and delay, *id.* at 754–55, and "to preserve the corporation as a legal entity separate from its shareholders," *Hawkeye Bank & Trust, Nat'l Ass'n v. Baugh*, 463 N.W.2d 22, 24 (Iowa 1990).

While courts unanimously agree that a corporation must be represented by counsel in a legal proceeding, they disagree on the effect that the lack of representation has on actions taken by nonlawyers on behalf of the corporation. Some courts have concluded that such actions are a nullity and warrant dismissal or the entry of a default judgment against the corporation. *See, e.g., Midwest Home Sav. & Loan Ass'n v. Ridgewood, Inc.*, 123 Ill. App.3d 1001, 79 Ill.Dec. 355, 463 N.E.2d 909, 912 (1984) (notice of appeal filed on behalf of corporation by person not entitled to practice law held to be a nullity); *Daytona Migi Corp. v. Daytona Auto. Fi-*

*berglass, Inc.*, 417 So.2d 272, 274 (Fla.Dist. Ct.App.1982) (notice of appeal filed by corporate officer on behalf of corporation held to be a nullity).

When the improper representation is of a limited nature, is promptly cured, and does not substantially prejudice the opposing party, however, other courts have concluded that actions by nonlawyers on behalf of a corporation should be treated as merely defective and subject to amendment. *See, e.g., Operating Eng'rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F.Supp.2d 1022, 1024 (E.D.Wis.2001) (failure of corporation to have attorney sign answer did not warrant entry of default judgment); *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 969 P.2d 653, 656 (1998) (notice of appeal filed by nonlawyer on behalf of corporation not automatically null, and corporation should be given reasonable time to cure defect); *Hawkeye Bank*, 463 N.W.2d at 26 (district court abused discretion by denying continuance to allow corporation to obtain counsel); *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So.2d 247, 252 (Fla.Dist. Ct.App.1985) (complaint filed by nonlawyer on behalf of corporation not a nullity). These courts have liberally construed the rules of civil procedure and have emphasized substance over form to advance the policy favoring resolution of cases on the merits. *See, e.g., K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.1981); *Operating Eng'rs*, 130 F.Supp.2d at 1024; *Szteinbaum*, 476 So.2d at 252.

■ For several reasons, we conclude that the lack of an attorney's signature on a complaint filed on behalf of a corporation does not render the complaint null or require dismissal. First, contrary to the city's claim, the requirement that a corporation be represented by counsel in legal proceedings is not jurisdictional. The Su-

preme Court has recently cautioned against the misuse of the word "jurisdictional." *Kontrick v. Ryan*, —— U.S. ——, ——, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004); *see. also Bode v. Minn. Dep't ·of Natural Res.*, 594 N.W.2d 257, 259 (Minn. App.1999) (similarly. cautioning against misuse of term "jurisdictional"), *aff'd,* 612 N.W.2d 862 (Minn.2000). In *Kontrick,* the Court noted that "[c]ourts, including this Court ... have more than occasionally [mis]used the term 'jurisdictional.' ... Clarity would be facilitated if courts and litigants used the label 'jurisdictional' ... only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick,* 124 S.Ct. at 915 (citation, some internal quotation marks, and brackets omitted); *see also Boydston,* 969 P.2d at 656 (stating that notice of appeal filed by nonlawyer on corporation's behalf does not necessarily deprive court of jurisdiction to consider motion to amend and cautioning "against the use of the word 'jurisdiction' beyond its core meaning"). Because the common law rule requiring that a corporation be represented by counsel in legal proceedings does not describe the classes of cases or persons within the district court's adjudicatory authority, the rule is not "jurisdictional."

Under Minnesota law, a civil action is generally commenced when personal service is made upon a defendant as prescribed by law. *See Doerr v. Warner,* 247 Minn. 98, 76 N.W.2d 505, 511 (1956) (holding that failure to ·join an indispensable party is not a jurisdictional defect). The court acquires jurisdiction—even though an amendment might be necessary to correct a defect—if the summons fully informs the defendant of the nature of the claims. *Nelson v. Glenwood Hills Hosps.,* 240 Minn. 505, 513, 62 N.W.2d 73, 78 (1953). Because the requirement that a corporation be represented by counsel in all legal proceedings does not serve an essential notice-pleading function, the omission of an attorney's signature from a complaint filed on behalf of a corporation is not fatal when the complaint leaves no genuine doubt about the nature of the corporation's claims.

Our view that the lack of an attorney's signature is a curable, non-jurisdictional defect is consistent with recent Supreme Court rulings. In *Becker v. Montgomery,* for example, the Supreme Court held that a pro se litigant's failure to hand sign a timely filed notice of appeal, as required by Fed R. Civ. P. 11(a), was a non-jurisdictional, and therefore curable, defect. 532 U.S. 757, 765, 121 S.Ct. 1801, 1806–07, 149 L.Ed.2d 983 (2001). The Court allowed relation back of the late signature to the timely filed notice of appeal, reasoning that "imperfections in noticing an appeal should not be fatal where no doubt exists about who is appealing, from what judgment, to which appellate court." *Id.* at 767–68, 121 S.Ct. at 1808.

Similarly, in *Edelman v. Lynchburg College*, the Court upheld an Equal Employment Opportunity Commission (EEOC) regulation that allowed amendment of an employment-discrimination charge, timely filed with the EEOC, to add, after the filing deadline had passed, the statutorily required, but initially absent, verification. 535 U.S. 106, 116, 122 S.Ct. 1145, 1151, 152 L.Ed.2d 188 (2002). The Court reasoned that Title VII was in line with "a long history of practice" that permitted relation back of a verification missing from an original pleading. *Id.*

And most recently, in *Scarborough v. Principi*, —— U.S. ——, ——, ·124 S.Ct. 1856, 1859, —— L.Ed.2d ——, —— (2004), the Court held, relying on the rationale in *Becker* and *Edelman,* that a timely attor-

ney-fee application could be amended after the thirty-day filing period had run, to cure an initial failure to allege, as required by the Equal Access to Justice Act, that the government's position in the underlying litigation lacked substantial justification.

Like the hand signature in *Becker*, the verification in *Edelman*, and the application in *Scarborough*, the lack of an attorney's signature on a corporation's pleading should not be fatal when, as in this case, no doubt exists about the nature of the claims and the theory on which the claims are based.

Second, pleadings signed on behalf of a corporation by persons without authority to do so may be treated as unsigned documents under rule 11, and, like other unsigned documents, should be stricken only if the omission of the signature is not corrected promptly. *See* Minn. R. Civ. P. 11 (stating that unsigned pleadings "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party"); *see also Kovilic Constr. Co. v. Missbrenner,* 106 F.3d 768, 772 (7th Cir. 1997) (suggesting in dictum that court might regard documents signed by person who did not file notice of appearance as equivalent of unsigned documents under Fed.R.Civ.P. 11); *Operating Eng'rs,* 130 F.Supp.2d at 1024 (treating answer signed by nonlawyer on behalf of corporation "as though it were unsigned"). Because Minn. R. Civ. P. 11 is identical with its federal counterpart, we look to federal case law for guidance. *See, e.g., State v. Amos,* 658 N.W.2d 201, 204 (Minn.2003).

Most courts agree that the lack of a signature on a pleading is a technical defect rather than a substantive violation and that technical defects are not grounds for dismissal unless the adverse party is substantially prejudiced. *See, e.g., Becker,*

532 U.S. at 767, 121 S.Ct. at 1808 (imperfections in noticing appeal should not be fatal absent prejudice to opposing party); *United States v. Kasuboski,* 834 F.2d 1345, 1348–49 (7th Cir.1987) (dismissal is appropriate only when moving party has been severely prejudiced or misled by defective pleading); *Covington v. Cole,* 528 F.2d 1365, 1369–70 n. 7 (5th Cir.1976) (sua sponte dismissal with prejudice not proper disposition in face of technical defect in complaint); *Holley Coal Co. v. Globe Indem. Co.,* 186 F.2d 291, 295 (4th Cir.1950) ("The Federal Rules of Civil Procedure indicate a policy to disregard technicalities and form and to determine the rights of litigants on the merits. To that end these rules are to be liberally construed."); *see also* 5 Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1334 (2d ed.1990) (discussing purpose and effect of attorney's signature on pleadings). In the absence of prejudice to the opposing party, therefore, the omission of an attorney's signature from a pleading filed on behalf of a corporation should not be grounds for dismissal, provided the omission is promptly cured.

Third, the rule requiring that a corporation be represented by counsel in legal proceedings does not mandate a particular sanction. Dismissal is thus not required when a complaint filed on behalf of a corporation lacks an attorney's signature, and courts may exercise discretion to determine whether an amendment is appropriate to cure the omission. *See, e.g., BQP Indus., Inc. v. State Bd. of Equalization,* 694 P.2d 337, 342 (Colo.App.1984), *aff'd on other grounds sub nom. Gates Rubber Co. v. State Bd. of Equalization,* 770 P.2d 1189 (Colo.1989) (allowing corporate taxpayers, in the exercise of discretion, to prepare and file administrative petitions for review, reasoning that completion of required form required no knowledge or skill beyond that

possessed by ordinary, intelligent taxpayer and that preparation was sufficiently informal to permit completion by corporation through officer or director); *Ginn v. Farley,* 43 Md.App. 229, 403 A.2d 858, 861 (1979) (stating that courts have power to define what constitutes practice of law). And in determining whether an amendment is appropriate, courts may properly rely on considerations of fault, diligence, and prejudice, similar to those applicable to motions to set aside a default judgment. *See, e.g., Szteinbaum,* 476 So.2d at 251.

Amendments should thus be permitted when the corporation acts without knowledge that its action was improper, the corporation diligently corrects its mistake by obtaining counsel, and the nonlawyer's participation is minimal and results in no prejudice to the opposing party. *See, e.g., Starrett v. Shepard,* 606 P.2d 1247, 1253–54 (Wyo.1980) (holding that entry of a default judgment against corporation not justified when representation by nonlawyer was limited, representation occurred without corporation's knowledge of its impropriety, and improper representation was followed by proper representation within a reasonable time). Conversely, dismissal might be appropriate when the nonlawyer's activity on behalf of the corporation is substantial and the corporation does not take prompt action to correct the defect. *See, e.g., Joseph Sansone Co. v. Bay View Golf Course,* 97 S.W.3d 531, 532 (Mo.App.2003) (dismissing notice of appeal filed by nonlawyer on behalf of corporation when corporation failed to respond to court's order directing it to have attorney enter an appearance on behalf of corporation); *Niklaus v. Abel Constr. Co.,* 164 Neb. 842, 83 N.W.2d 904, 911 (1957) (holding that dismissal of taxpayer's action on behalf of municipal corporation was required because "[taxpayer's] participation in the proceedings was not casual but persistent and continuous").

Last, a standard that requires dismissal of a pleading signed by a nonlawyer on behalf of a corporation would not advance the policy behind the rule that corporations must be represented by counsel. Indeed, dismissing a complaint as a nullity "would yield the ironic result of prejudicing the constituents of the corporation, the very people sought to be protected by the rule against the unauthorized practice of law." *Szteinbaum,* 476 So.2d at 250. Dismissal would also contravene the policy favoring adjudication of cases on the merits. The courts' interest in ensuring competent representation on behalf of corporations is better served by other sanctions against the unauthorized practice of law, including injunctive relief and disciplinary sanctions. *Torrey v. Leesburg Reg'l Med. Ctr.,* 769 So.2d 1040, 1045 (Fla.2000). Unlike dismissal of a complaint, these sanctions appropriately focus on the misconduct of the offending actor instead of unduly penalizing the litigants by dismissing their complaint. *Id.* Dismissal is thus not required to further the policy behind the legal-representation requirement.

■ Having concluded that a pleading filed by a nonlawyer on behalf of a corporation may be amended to include an attorney's signature, we consider whether the district court properly allowed an amendment in this case. We conclude that the amendment was appropriate. First, SOC acted without knowledge that its action was improper. The record indicates that Barton asked a district court clerk if he could file the complaint on behalf of the corporation and was told that he could. Second, the corporation promptly corrected the omission of an attorney's signature. Barton learned of the omission on August 21, when the city filed its motion to dismiss. Bates filed a notice of appearance

on behalf of the corporation on September 5, two weeks later, and signed the complaint on September 22. Third, Barton's participation in the litigation was minimal. His actions were confined to the filing of the complaint and did not prejudice the city because the complaint properly notified the city of the corporation's claim. Indeed, the city makes no claim that it was prejudiced by the temporary lack of an attorney's signature. In the absence of prejudice, dismissal is an unduly harsh sanction, and the district court properly allowed SOC to amend its complaint.

## II

■ The city argues that even if the complaint may be amended, the amendment may not relate back to the original pleading to forestall the running of the statute of limitations. According to the city, the relation-back doctrine allows the assertion of a claim or defense inadvertently left out of a proper pleading. Because a complaint signed by a nonlawyer on behalf of a corporation is not a proper pleading, the city argues, there is no pleading to which the amendment can relate back. The city also argues that equitable principles should not be the basis for extending the time limitation of a statutorily created cause of action. We disagree.

Minnesota is a notice-pleading state. *Haugland ex rel. Donovan v. Mapleview Lounge & Bottleshop, Inc.*, 666 N.W.2d 689, 694 (Minn.2003) (citing *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn.1997)). The primary function of notice pleading is "to give the adverse party fair notice of the theory on which the claim for relief is based." *Id.* (quotation omitted). Under Minn. R. Civ. P. 15.03, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the

amendment relates back to the date of the original pleading." Rule 15.03 determines whether an amendment of a pleading relates back to the date of filing the original pleading, not whether an amendment should be allowed in the first instance. 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 15.8, at 423 (2002).

■ In cases like the present case, involving the relation back of amendments between existing parties, rule 15.03 is satisfied if the amendment arose out of the conduct, transaction, or occurrence that is the subject of the original pleading. *See, e.g., Swenson v. Emerson Elec. Co.*, 374 N.W.2d 690, 696 (Minn.1985) (relation back of amendment adding new claim allowed when defendants had sufficient notice in original complaint of essential elements of new claim and late assertion did not, therefore, infringe on defendants' preparation of adequate defense); *Heyn v. Braun*, 239 Minn. 496, 501–02, 59 N.W.2d 326, 330 (1953) (allowing relation back of amendment setting forth new cause of action when amendment did not change or vary the facts alleged in the original complaint but merely amplified them); *Grothe v. Shaffer*, 305 Minn. 17, 21–23, 232 N.W.2d 227, 231–32 (1975) (permitting an amendment of complaint under rule 15.03 to add new plaintiff when defendants had notice of new plaintiff's claim, defendants were not unfairly prejudiced, and there was identity of interest between original and new complaint); *cf. Bigay v. Garvey*, 575 N.W.2d 107, 109 (Minn.1998) (holding that amended complaint alleging negligence by physician in failing to inform patient that surgical procedure was experimental did not relate back to original complaint alleging negligence during surgery, reasoning that presurgery consultation and surgery could not be viewed as one transaction or occurrence). Indeed, when an amendment relates back to the same conduct, transac-

tion, or occurrence set forth in the original pleading, relation back is automatic even if the earlier pleading is defective and the amendment changes the theory of recovery or asserts an entirely new claim. *See Swenson,* 374 N.W.2d at 696; *Heyn,* 239 Minn. at 501–02, 59 N.W.2d at 330; *see also Minnesota Practice, supra* at § 15.8.

In this case, the amendment consisted merely of the addition of an attorney's signature and, therefore, clearly arose out of the same transaction or occurrence as the original pleading. Accordingly, the requirements of rule 15.03 were met, and the district court properly allowed the amendment to relate back to the original pleading.

■ The city argues that rule 15.03 does not allow relation back in this case because a lawsuit was not properly commenced, and even a liberal construction of rule 15.03 does not allow relation back to create a lawsuit where one has not been properly commenced. As mentioned previously, however, civil actions are commenced in Minnesota when a defendant is properly served with the summons and complaint. *Doerr,* 247 Minn. at 107, 76 N.W.2d at 511. A summons and complaint are sufficient to commence an action and confer jurisdiction over a defendant if they clearly inform the defendant that it was intended for him or her, require the defendant to answer the complaint, and give the defendant fair notice of the theory on which the claim for relief is based. *See Haugland,* 666 N.W.2d at 694 (Minn.2003); *Flanery v. Kusha,* 143 Minn. 308, 173 N.W. 652 (1919). Mistakes and irregularities in the form of the summons or other process may be readily corrected unless "it clearly appears that substantial rights of the person against whom the process issued would be prejudiced thereby." Minn. R. Civ. P. 4.07; *Tharp v. Tharp,* 228 Minn. 23, 25, 36 N.W.2d 1, 2 (1949) (construing

statute prescribing contents of summons liberally "to avoid defeating an action on account of technical and formal defects which could not reasonably have misled or prejudiced the defendant"); *Schultz v. Oldenburg,* 202 Minn. 237, 243, 277 N.W. 918, 921 (1938) (providing that "a summons in a civil action may be amended upon proper application").

The complaint in this case notified the city that it had been sued by SOC because it denied a petition to require an environmental-impact statement in connection with the proposed construction of 608 dwelling units and gave the city fair notice of the theory on which the claim for relief was based. The summons also notified the city that it was required to answer or judgment would be entered against it. The summons and complaint were thus sufficient to commence an action against the city, even though they were not properly signed. The lack of a signature did not prejudice the city and was, therefore, correctable by amendment under Minn. R. Civ. P. 4.07. The city's claim that an action was not commenced is thus without merit.

■ Relying on *Ortiz v. Gavenda,* 590 N.W.2d 119 (Minn.1999), and *Regie de l'assurance Auto. du Quebec v. Jensen,* 399 N.W.2d 85 (Minn.1987), the city also argues that the time limitation for the initiation of actions under Minn.Stat. § 116D.04, subd. 10 (2002), is jurisdictional and may not be extended on equitable grounds. *Ortiz* and *Regie* are distinguishable, however.

In *Ortiz,* the supreme court held that the filing of a wrongful-death action was a nullity because a trustee had not been appointed as required by subdivisions 1 and 3 of the Minnesota Wrongful Death Act, Minn.Stat. § 573.02 (1998), and the appointment of a trustee was a condition precedent to bringing a wrongful-death ac-

tion. *Ortiz*, 590 N.W.2d at 122–23. Because the appointment of a trustee was a statutory prerequisite to filing a wrongful-death action, the claim filed without the appointment of a trustee was legally null. *Id.* In *Regie*, the supreme court refused to allow a relation-back amendment to a subrogation claim that should have been brought as a wrongful-death claim by an appointed trustee. *Regie*, 399 N.W.2d at 92. As in *Ortiz*, the court reasoned that the original action was a nullity because the appointment of a trustee was a statutory prerequisite or condition precedent to bringing a wrongful-death action. *Id.*

Unlike the wrongful death act, which requires the appointment of a trustee as a condition precedent to filing an action, Minn.Stat. § 116D.04, subd. 10, does not require that a corporation be represented by counsel as a condition precedent for bringing a declaratory-judgment action challenging the denial of an environmental-impact statement. Unlike the appointment of a trustee in the context of a wrongful-death action, the signature requirement is a common-law requirement and has no bearing on the validity of an action under Minn.Stat. § 116D.04, subd. 10.

The fundamental difference between the wrongful-death cases and this case is that in wrongful-death cases, it is the appointment of the trustee that forms the legal capacity for a successor of the deceased to bring or to continue the action for wrongful death. Minn.Stat. § 573.02, subds. 1, 3 (2002). A corporation, in contradistinction, is an existing entity with a legal capacity to sue and be sued. Minn.Stat. § 302A.161, subd. 3 (2002). Thus the absence of an attorney's signature on a pleading is a failure of agency not an absence of an entity. SOC filed a legally valid, although improperly signed action seeking to compel preparation of an environmental-impact statement before the thirty-day limitation period in Minn.Stat. § 116D.04, subd. 10, expired. The claim is not therefore legally null, and the amended complaint may relate back to the original complaint, provided the requirements of rule 15.03 are satisfied.

Relation back was thus appropriate in this case. The original complaint was timely filed and set out a legally sufficient claim under Minn.Stat. § 116D.04, subd. 10; the claims in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint; and the city was not unfairly prejudiced by the amendment.

## DECISION

The district court did not err in allowing SOC to amend its complaint to add the signature of an attorney. The court also did not err in allowing the amended complaint to relate back to the original complaint.

**Affirmed.**