SAVE OUR CREEKS, Respondent,

v.

CITY OF BROOKLYN PARK,
Minnesota, Appellant.

No. A03–1794.

Supreme Court of Minnesota.

June 23, 2005.

George C. Hoff, Hoff, Barry & Kuderer, P.A., Eden Prairie, MN, for Appellant.

Richard B. Bates, St. Paul, MN, for Respondent.

Heard, considered, and decided by the court en banc.

## OPINION

MEYER, Justice.

This case concerns the legal validity of a complaint filed on behalf of a corporation but signed by a nonattorney. Respondent Save Our Creeks (SOC), a nonprofit corporation, filed a complaint against the City of Brooklyn Park (the City), seeking relief from the City's denial of SOC's petition for environmental review of certain proposed development projects. The complaint was signed by a nonattorney spokesperson for

SOC. The district court permitted SOC to amend its complaint by adding an attorney's signature and allowed the amendment to relate back to the date the original complaint was filed. The district court then certified to the court of appeals the question of whether a complaint filed and signed on behalf of a corporate entity by a nonattorney is a legal nullity. The court of appeals answered the certified question in the negative. We affirm the court of appeals.

On June 4, 2003, William Barton, a non-attorney, petitioned the Environmental Quality Board for environmental review of several proposed development projects in the City. The Environmental Quality Board referred the petition for environmental review to the City on June 10, 2003. The City denied the petition on July 14, 2003, finding that environmental review was unnecessary. On August 7, 2003, Barton brought a declaratory judgment action in district court as the "Representative for Plaintiff Save Our Creeks." That same day, Barton filed articles of incorporation for SOC, establishing it as a nonprofit corporation. On August 13, 2003, the statutory window for district court review of the City's denial of the petition closed.[1]

On August 20, 2003, the City served a motion to dismiss the complaint based on SOC's lack of representation by an attorney and failure to have an attorney sign its summons and complaint. On September 4, 2003, Brian Bates, a licensed attorney, filed a notice of appearance on behalf of SOC. The matter was heard before the district court on September 22, 2003, and the court allowed Bates to sign the complaint at that time.

---

1. By statute, denials of petitions for environmental review may be reviewed through a declaratory judgment action commenced in district court within 30 days of the denial. Minn.Stat. § 116D.04, subd. 10 (2004).

On November 3, the district court denied the City's motion to dismiss, allowing the attorney's signature to relate back to the date of SOC's original complaint. However, the district court certified to the court of appeals as important and doubtful the question of whether a complaint filed and signed on behalf of a corporate ·entity by a nonattorney is a legal nullity.

The court of appeals answered the certified question in the negative. *Save Our Creeks v. City of Brooklyn Park*, 682 N.W.2d 639 (Minn.App.2004). The court of ·appeals set out the following test: a complaint signed by a nonattorney on behalf of a corporation may be amended to add an attorney's signature when "the corporation acts without knowledge that its action was improper, the corporation diligently corrects its mistake by obtaining counsel, and the non-lawyer's participation is minimal and results in no prejudice to the opposing party." *Id.* at 645. In addition, the court held that the after-affixed attorney's signature was an amendment, and related back to the date of the complaint under Minnesota Rule of Civil Procedure 15.03. *Save Our Creeks*, 682 N.W.2d at 648.

### I.

The question certified to the court of appeals by the district court was "whether a complaint filed and signed on behalf of a corporate entity by a non-lawyer is a legal nullity." A certified question is a question of law and is reviewed de novo. *B.M.B. v. State Farm Fire & Cas. Co.*, 664 N.W.2d 817, 821 (Minn.2003).

It is well settled under Minnesota common law that a corporation must be represented by an attorney in legal proceedings. *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn. 1992); *Cary & Co. v. F.E. Satterlee & Co.*, 166 Minn. 507, 509, 208 N.W. 408, 409

(1926) ("[T]he right of a party to a suit in court to appear in person therein does not entitle him to appear for a corporation, even if he owns all its capital stock, for the corporation is a distinct legal· entity."). In *Nicollet Restoration,* we described the ethical and professional considerations that ground this rule:

A non-attorney agent of a corporation is not subject to the ethical standards of the bar and is not subject to court supervision or discipline. The agent knows but one master, the corporation, and owes no duty to the courts. In addition, a corporation is an artificial entity which can only act through agents. To permit a lay individual to appear on behalf of a corporation would be to permit that individual to practice law without a license.

486 N.W.2d at 754.

Both SOC and the City recognize this longstanding rule, but differ as to its proper application where a complaint is signed on behalf of a corporation by a nonattorney. The City argues that SOC's complaint is a legal nullity and should be given no legal effect. SOC claims that the failure to affix an attorney's signature to the complaint should be considered a "curable defect," and when the defect is promptly cured, the action may proceed.

The court of appeals expressly adopted the curable defect approach. *Save Our Creeks,* 682 N.W.2d at 642. · The court gave several reasons for its conclusion. First, the court rejected the City's claim that the requirement that a corporation be represented by counsel in legal proceedings is jurisdictional. *Id.* at 643. The court reasoned that the requirement "does not describe the classes of cases or persons within the district court's adjudicatory authority" and thus the rule is not

jurisdictional. *Id.* The court's reasoning on this point is persuasive, and we adopt it.

Second, the court of appeals stated that viewing the lack of an attorney's signature on the complaint as a curable, nonjurisdictional defect is consistent with recent rulings of the United States Supreme Court (1) holding that a pro se litigant's failure to sign his notice of appeal as required by Fed.R.Civ.P. 11(a) was curable and that a late signature would relate back to the original filing date, *Becker v. Montgomery,* 532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001), and (2) allowing amendment of an employment discrimination charge to add statutorily-required verification after the filing deadline had passed, *Edelman v. Lynchburg College,* 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002). *Save Our Creeks,* 682 N.W.2d at 643–44. The court explained that as in federal court, Minnesota Rule of Civil Procedure 11, which is the source of the signature requirement, provides that unsigned documents should be stricken only if the omission of the signature is not corrected promptly. *Save Our Creeks,* 682 N.W.2d at 644.

Finally, the court of appeals considered whether the prohibition against corporations appearing without an attorney requires a particular sanction, such as dismissal, for its violation. *Id.* The court concluded that most courts in other jurisdictions allow such violations to be cured. *Id.*

■ The reasons given by the court of appeals in following the "curable defect" approach are well-reasoned and fully-supported. Further, the majority of jurisdictions that have considered the matter have followed the curable defect approach. *See, e.g., Boydston v. Strole Dev. Co.,* 193 Ariz. 47, 969 P.2d 653, 656 (1998) (holding that a reasonable opportunity should be given to a corporation to cure a notice of appeal defective due to lack of an attorney signa-

ture); *Hawkeye Bank & Trust, N.A. v. Baugh,* 463 N.W.2d 22, 26 (Iowa 1990) (holding that the trial court abused its discretion by rejecting a motion for continuance by a nonattorney representative of a corporation who wished to secure counsel); *Old Hickory Eng. & Mach. Co., Inc. v. Henry,* 937 S.W.2d 782, 786 (Tenn.1996) (where a statutory complaint was filed by a nonattorney on behalf of a corporation, holding that the complaint was not void but defective, and adopting the rule that prompt correction of a defective pleading cures the pleading); *Graham v. Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.,* 979 P.2d 363, 369 (Utah Ct.App.1999) (rejecting the argument that a complaint signed by a nonattorney for a corporation was void so as to deprive the trial court of jurisdiction to consider a motion to amend the complaint). The rationale most of these decisions articulate is that the rules of civil procedure are intended to favor resolution of cases on the merits, and that dismissing a case on a technicality such as the lack of a signature does not advance this policy. We join the majority view and hold that a complaint signed and filed by a nonattorney on behalf of a corporate entity is not a legal nullity.

■ We next consider under what circumstances an amendment curing the lack of an attorney's signature should be allowed. The court of appeals stated: "[I]n determining whether an amendment is appropriate, courts may properly rely on considerations of fault, diligence, and prejudice, similar to those applicable to motions to set aside a default judgment." *Save Our Creeks,* 682 N.W.2d at 645 (citing *Szteinbaum v. Kaes Inversiones y Valores, C.A.,* 476 So.2d 247, 252 (Fla.Dist.Ct. App.1985) (in curable defect jurisdiction, delineating proper considerations for cure of defect)). The court of appeals concluded

that amendments should be permitted when "the corporation acts without knowledge that its action was improper, the corporation diligently corrects its mistake by obtaining counsel, and the nonlawyer's participation is minimal and results in no prejudice to the opposing party." *Save Our Creeks,* 682 N.W.2d at 645.

We believe that the court of appeals' test, while basically sound, should be more narrowly crafted so as to ensure that corporations always appear in court represented by an attorney. Therefore, we hold that an amendment to add an attorney's signature to a corporation's complaint should be permitted when the following four elements are met: (1) the corporation acts without knowledge that its action was improper; (2) upon notice, the corporation diligently corrects its mistake by obtaining counsel, but in no event may it appear in court without an attorney; (3) the nonattorney's participation in the action is minimal; and (4) the nonattorney's participation results in no prejudice to the opposing party. We emphasize that as to the first prong, if a corporation knows or should know that its action is improper, amendment will not be allowed.

## II.

■ Because we hold that the lack of an attorney's signature is a defect that can be cured by the addition of SOC's attorney's signature, we must decide whether the amended complaint relates back to the date of the original complaint.

Minn. R. Civ. P. 15.03 states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Minn. R. Civ. P. 15.03 (2004). In its decision, the court of appeals considered the addition of Bates' signature to be an amendment of the original complaint. *Save Our Creeks,* 682 N.W.2d at 646–47. The court of appeals reasoned that the amended complaint clearly arose out of the same conduct, transaction, or occurrence as the original complaint, since the only change was the addition of one signature. *Id.* Since the court of appeals had already determined that the initial lack of an attorney signature created a defective complaint, rather than a nullity, and that the defect had been cured by adding Bates' signature, the court concluded that the district court had properly allowed the amendment to relate back to the date of the initial complaint. *Id.* at 647. The court rejected the City's argument that a lawsuit had not been properly commenced, stating that in Minnesota civil actions are commenced when a defendant is properly served with a summons and complaint and that a summons and complaint is sufficient to commence an action and confer jurisdiction over a defendant if the defendant is clearly put on notice of the cause of action. *Id.* (citing *Haugland ex rel. Donovan v. Mapleview Lounge & Bottleshop, Inc.,* 666 N.W.2d 689, 694 (Minn.2003) ("The primary function of notice pleading is to give

the adverse party fair notice of the theory on which the claim for relief is based.")). Thus, the court of appeals concluded that the district court had jurisdiction over the parties and the subject matter, and that the complaint could be amended. *Save Our Creeks,* 682 N.W.2d at 647.

We affirm the court of appeals and answer the certified question in the negative. If a court has personal and subject matter jurisdiction over a case, it has the adjudicatory authority to permit a party to amend a defective pleading in order for the matter to go forward. Because the amendment to SOC's complaint arose out of the conduct, transaction, or occurrence set forth in its original complaint, and because the original complaint gave the City full notice of the nature of the claim against it, we hold that SOC's amended complaint relates back to the date of the original complaint, and that this case should proceed to determination on the merits.

Affirmed; certified question answered in the negative.