*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0928**

Koriane Lawver,
Appellant,

vs.

Partner Up Promotions, LLC,
Respondent.

**Filed February 23, 2015
Affirmed
Kirk, Judge**

Olmsted County District Court
File No. 55-CV-13-1286

Koriane Lawver, Rochester, Minnesota (pro se appellant)

Partner Up Promotions, LLC, Rochester, Minnesota (respondent)

Considered and decided by Ross, Presiding Judge; Kirk, Judge; and Reilly, Judge.

# U N P U B L I S H E D   O P I N I O N

**KIRK**, Judge

Appellant argues that the district court erred in denying her motion to dismiss and for judgment of affirmance of a conciliation court order because a nonattorney signed a demand for removal form on behalf of respondent limited-liability company (LLC). We affirm.

**D E C I S I O N**

Whether an LLC must be represented by an attorney in a legal proceeding is a question of law, which this court reviews de novo. *See Frost-Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984) (stating that appellate courts review legal issues de novo).

Appellant Koriane Lawver was an employee of respondent Partner Up Promotions, LLC. In September 2012, Lawver commenced an action in conciliation court alleging that she was fired from her job with Partner Up and requesting unpaid wages. After a hearing, the conciliation court entered judgment in Lawver's favor in the amount of $1,120. Jay Christenson, a representative of Partner Up, filed a timely demand for removal to the district court on behalf of Partner Up. The demand-for-removal form states immediately below the signature line, "If appealing party is a corporation, the party's attorney must sign." Christenson, who is not an attorney, signed his name on the signature line.

Lawver moved to dismiss and for judgment of affirmance, arguing that the district court should dismiss Partner Up's demand for removal because Christenson violated Minn. R. Gen. Pract. 521(b) when he signed the demand for removal form on behalf of Partner Up. After a hearing, the district court dismissed Lawver's motions in their entirety, applying the reasoning of *Save Our Creeks v. City of Brooklyn Park*, 699 N.W.2d 307, 310-11 (Minn. 2005).

Lawver argues on appeal that the district court erred in denying her motions because Partner Up's demand for removal violated the provisions of rule 521(b). Like corporations, LLCs are required to be represented by counsel in pleadings and practice in Minnesota courts. *301 Clifton Place L.L.C. v. 301 Clifton Place Condo. Ass'n*, 783 N.W.2d 551, 560-61 (Minn. App. 2010). Minn. R. Gen. Pract. 521(a) allows an aggrieved party to remove an order of judgment from conciliation court to the district court. But the rule does not explicitly state that a demand removal form must be signed by the party's attorney if the aggrieved party is an LLC.

A demand for removal form that is filed on behalf of an LLC, but signed by a nonattorney, does not necessarily result in a legal nullity. In *Save Our Creeks*, the Minnesota Supreme Court concluded that such a defective complaint is curable if four elements are met. 699 N.W.2d at 310-11. These elements require that: (1) the LLC acted without knowledge that its action was improper; (2) upon notice, the LLC diligently corrected its mistake by obtaining counsel and did not appear in court without an attorney; (3) the nonattorney's participation in the action was minimal; and (4) the nonattorney's participation resulted in no prejudice to the opposing party. *Id.* at 311.

Applying this test to the limited record before us, we conclude that Christenson's signature on the demand for removal form on behalf of Partner Up is a curable defect. There is no evidence in the record that Partner Up acted with knowledge that Christenson's signature on the demand removal form was improper. At a pretrial hearing where Christenson appeared on behalf of Partner Up, the district court notified him of the

3

rule and Partner Up promptly secured legal representation.  Christenson's participation in the case as a nonattorney was minimal, and Lawver does not assert, nor does the record demonstrate, that she suffered any prejudice by Christenson's participation.

**Affirmed.**