Scott J. PETERSON, Respondent,

v.

2004 FORD CROWN VICTORIA VIN: 2FAHP74WX4X158445, Appellant.

No. A10–232.

Court of Appeals of Minnesota.

Dec. 14, 2010.

Daniel L. McGarry, Roseville, MN; and Thomas L. Donohue, St. Paul, MN, for respondent.

Susan Gaertner, Ramsey County Attorney, Melinda S. Elledge, Assistant County Attorney, John Edison, Certified Student Attorney, St. Paul, MN, for appellant.

Considered and decided by JOHNSON, Presiding Judge; MINGE, Judge; and ROSS, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court's (1) subject-matter jurisdiction over this forfeiture action; (2) award of storage and towing fees; and (3) award of attorney fees as a sanction. We affirm as to the district court's jurisdiction and the award of towing and storage fees, reverse the sanctions, and remand.

## FACTS

On September 19, 2008, respondent Scott Peterson was arrested for suspected violations of controlled-substances laws and his 2004 Ford Crown Victoria was seized by the Roseville Police Department for forfeiture pursuant to Minn.Stat. § 609.5314 (2008). Respondent was served with a notice of seizure and intent to forfeit.

Acting pro se, on October 1, 2008, respondent filed a complaint seeking judicial determination of forfeiture. The complaint incorrectly named the "Ramsey County Attorney Forfeiture Department" as the defendant, instead of naming his vehicle, as provided by Minn.Stat. § 609.5314, subd. 3(b) (2008). Soon after filing the complaint, respondent contacted the Ramsey County Attorney's office, but was informed that his questions could not be considered until an attorney was assigned to the matter.

No charges were immediately filed against respondent incident to the events that led to the seizure of his vehicle. Ultimately, the Ramsey County Attorney's office decided not to prosecute, and on February 24, 2009, it informed the Roseville Police Department of that decision and that respondent's vehicle should be released. The same day, the police department contacted respondent by telephone, telling him that his vehicle was being released, that he owed over $2,000 in towing and storage fees, and that unless he contacted the department within two days, the vehicle would be turned over to Ford Motor Credit Corporation (Ford Credit), the lien holder. When the Roseville Police Department did not hear from respondent, it released the vehicle to Ford Credit on February 27, 2009. Ford Credit paid the storage and towing fees of $2,515, sold the vehicle for $6,500, and billed respondent for $13,356.41 representing the balance on the loan and its expenses, including towing and storage. This loss of the vehicle and liability occurred without any court or legal proceeding other than the notice of forfeiture and the phone call from the Roseville Police Department.

When respondent pressed for relief on his request for judicial determination of forfeiture, the Ramsey County Attorney's office filed a motion to dismiss and for summary judgment. Respondent moved to amend the caption of the complaint, for summary judgment, and for sanctions and attorney fees. After the case was heard, the district court granted the motion to amend the caption. As a result of the amended caption, the matter was titled as an in rem proceeding against the vehicle. The district court also granted respondent's other motions, awarding him: $2,932.50 [1] for storage, towing, and Ford Credit's repossession fees, and $4,550 as a sanction to cover litigation expenses including attorney fees. This appeal follows.

## ISSUES

I. Did the district court have subject-matter jurisdiction over the case?

II. Did the caption error in respondent's initial complaint require dismissal of his lawsuit?

III. Did the district court abuse its discretion in allowing respondent to amend the caption?

IV. Did the district court err in awarding respondent towing and storage fees?

V. Did the district court abuse its discretion in awarding respondent sanctions for his legal expenses, including attorney fees?

## ANALYSIS

### I.

■ The first issue raised by appellant is whether the district court had subject-matter jurisdiction. Whether a district court has subject-matter jurisdiction is a question of law subject to de novo review. *Tischer v. Hous. & Redevelopment Auth. of Cambridge,* 693 N.W.2d 426, 428 (Minn.2005).

The Roseville Police Department seized respondent's vehicle and initiated the administrative forfeiture process pursuant to Minn.Stat. § 609.5314 (2008). The owner of a seized vehicle may file a demand for a judicial determination of forfeiture. *Id.,* subd. 3. This is an in rem proceeding in district court. Minn.Stat. § 609.531, subd. 6a (2008). The owner must comply with the requirements of the statute, and the proceedings are governed by the Rules of Civil Procedure. Minn.Stat. § 609.5314, subd. 3. The statutes further provide that the forfeiture laws are to be "liberally construed to carry out the ... remedial purposes [of penalizing criminal activity]." Minn.Stat. § 609.531, subd. 1a (2008). At the same time, the Minnesota Supreme Court has stated that due to the punitive nature of a forfeiture law "we strictly construe its language and resolve any doubt in favor of the party challenging it." *Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002).

Generally, our courts have determined that a curable pleading defect does not strip the district court of subject-matter jurisdiction. The Supreme Court has noted that "[c]larity would be facilitated if courts and litigants used the label 'jurisdictional' ... only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004); *see also Save Our Creeks v. City of Brooklyn Park,* 682 N.W.2d 639, 642–43 (Minn.App.2004)

---

1. The lien holder charged respondent $2,932.50 for "Expenses of retaking and storing, and any attorneys' fees allowed by law, and expenses of reconditioning and selling." This included the $2,515 collected by the Roseville Police Department.

(quoting *Kontrick* ), *aff'd,* 699 N.W.2d 307 (Minn.2005). In *Save Our Creeks,* this court held that the rule requires a corporation to be represented by counsel (and therefore to have an attorney sign its complaint) did not "describe the classes of cases or persons [outside] the district court's adjudicatory authority" and so was not a question of jurisdiction. 682 N.W.2d at 642–43, *aff'd,* 699 N.W.2d at 309–10 (specifically adopting the reasoning of the court of appeals on this point). In the same manner, the failure to caption a case as directed by statute does not describe the classes of cases or persons outside the district court's adjudicatory authority.

In sum, this appeal does not present a question of subject-matter jurisdiction. We conclude that the district court is the proper court to hear a judicial determination of forfeiture, and hence it had subject-matter jurisdiction.

## II.

■ The next issue raised by appellant is whether the district court was required to dismiss respondent's complaint because of the caption error.

■ A civil action is commenced when a summons and copy of the complaint are served on the defendant. Minn. R. Civ. P. 3.01(a), 3.02. Pleadings can be amended to change the designation of parties. Minn. R. Civ. P. 15. The Minnesota Supreme Court has ruled that if the defendant is fully informed of the nature of the claims by the summons and complaint, the district court acquires jurisdiction—even if an amendment to the complaint might be necessary to fix a defect. *Save Our Creeks,* 682 N.W.2d at 643 (*citing Nelson v. Glenwood Hills Hosps.,* 240 Minn. 505, 513, 62 N.W.2d 73, 78 (1953)). When the court has subject-matter jurisdiction, it also "has broad discretion to grant or deny leave to amend a complaint, and its ruling will not

be reversed absent a clear abuse of that discretion." *State v. Baxter,* 686 N.W.2d 846, 850 (Minn.App.2004) (citing *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn. 1993)).

■ In forfeiture cases, this court has held that the district court has jurisdiction once the complaint requesting a judicial determination has been filed when it meets all the requirements of Minn.Stat. § 609.5314. *Strange v. 1997 Jeep Cherokee,* 597 N.W.2d 355, 358 (Minn.App.1999). Conversely, when a claimant fails to serve and file a demand for judicial determination of forfeiture as required by statute, a forfeiture proceeding is not initiated, and as a result there is no proceeding over which the district court has jurisdiction. *Garde v. One 1992 Ford Explorer XLT,* 662 N.W.2d 165, 166 (Minn.App.2003) (seizing a vehicle for first-degree driving while impaired under Minn.Stat. § 169A.63, subd. 8 (2000)). This means that unless a plaintiff starts a lawsuit, there is no proceeding.

Here, the defect in respondent's demand for judicial determination concerns the caption of the complaint. The forfeiture law specifies that the caption is to set forth the seized property as the defendant. Minn.Stat. § 609.5314, subd. 3(b). Acting pro se, respondent named as the defendant the "Ramsey County Attorney Forfeiture Department." The statute also requires that the county attorney be served. Here, the county attorney's office was served with the summons and complaint. Although respondent's lawsuit listed the defendant as "Ramsey County Attorney Forfeiture Department," the complaint clearly and correctly states the nature of the proceeding, the identity of the vehicle, the defense to forfeiture, and the relief sought. There is no claim that the Ramsey County Attorney's office or the Roseville Police Department were misled or prejudiced or

that the error in the caption is not the type of defect that may be corrected.

Although the statute requires compliance with the requirements of that section, it does not mandate automatic dismissal for any deficiency. *See* Minn.Stat. § 609.5314, subd. 3. We note the availability of relief by amendment under rule 15 of the Minnesota Rules of Civil Procedure. Although, as previously stated, Minn.Stat. § 609.531 provides that the forfeiture law is to be interpreted liberally, that language is directed at the imposition of forfeiture as a sanction for actual criminal activity. The Minnesota Supreme Court has recognized that the punitive nature of forfeiture requires that the law be interpreted strictly. *Riley,* 650 N.W.2d at 443. We further note that respondent has not been charged with any crime, that the legal basis for the forfeiture no longer exists, and that he has a claim for towing and storage costs. Respondent lost this and more as a result of a summary, administrative forfeiture action before he had any court hearing, including any hearing on his pending lawsuit.[2]

We conclude that the statutory language that "an action ... may not be maintained ... unless the person has complied with this subdivision," Minn.Stat. § 609.5314, subd. 3(b), does not mandate automatic dismissal; that the Ramsey County Attorney, as state's attorney for defense of forfeiture proceedings initiated by law-enforcement entities within the county, was properly notified of and participating in the proceeding; and that the district court did not err in refusing to dismiss respondent's action.

## III.

The next issue is whether the district court abused its discretion by granting the motion to amend the caption to comply with the mandatory language of Minn.Stat. § 609.5314, subd. 3(b). This forfeiture statute expressly states that the rules of civil procedure govern. *Id.* Under the rules, a party may amend a pleading by leave of the court and "leave shall be freely given when justice so requires." Minn. R. Civ. P. 15.01. If an amendment is changing the party against whom the claim is asserted, it relates back to the date of the original pleading if the claim arose from the conduct or occurrence set forth in the original pleading, and if (1) "the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party." Minn. R. Civ. P. 15.03.

Here, the claim arose from the occurrence clearly identified in the original pleading. Appellant was fully aware of the action and that it was an in rem proceeding over the vehicle. Appellant does not claim any prejudicial effect from changing the caption to reflect that this was not an in personam proceeding but rather an in rem proceeding.

Here, the decision not to charge respondent with a forfeiture-related offense called into question the basis for any forfeiture and the criminal-sanction basis for interpreting the statute liberally. We conclude that the district court did not abuse its discretion in granting respondent's motion to amend the caption and that the

---

**2.** We also note that respondent was deprived of the use of his vehicle for over five months, that the vehicle has been repossessed by a creditor, and that respondent was left with a large deficiency on his loan and attorney fees. At some point due process considerations limit the reach or application of the forfeiture procedure.

amendment relates back to the date of the original proceeding.

## IV.

The fourth issue raised by appellant is whether the forfeiting law-enforcement entities are liable for towing and storage fees under Minn.Stat. § 609.5314. "Statutory construction is ... a legal issue reviewed de novo." *Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 122 (Minn. 2007). When construing statutes we attempt "to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). "We construe statutes to effect their essential purpose but will not disregard a statute's clear language to pursue the spirit of the law." *Lee,* 741 N.W.2d at 123.

In *Genin v. 1996 Mercury Marquis,* the Minnesota Supreme Court addressed the issue of storage and towing fees when a court orders the return of a vehicle seized for a DWI-related forfeiture under Minn. Stat. § 169.1217 (1998).[3] 622 N.W.2d 114, 116 (Minn.2001). Genin properly requested a judicial determination of forfeiture, and the district court ordered the vehicle released, but ruled that Genin was responsible for the storage fees. *Id.* This court affirmed. *Id.* The Minnesota Supreme Court reversed, reasoning that "[b]ecause the agency is responsible for and exercises unfettered control over the vehicle during seizure, requiring it to pay storage fees that accrue during that time is consistent with the statutory scheme." *Id.* at 119. The supreme court also noted that the vehicle impoundment statute enacted at the same time expressly relieved the police and government of any financial liability for storage or fees, demonstrating that the legislature could have done the same for this statute. *Id.* at 118 (citing statutory predecessor of Minn.Stat. § 169A.42, subd. 4 (2008)).

This mixed legislative approach toward storage fees survived recodification of the DWI-related forfeiture statute. Except when there is a judicial proceeding to determine forfeiture, law enforcement agencies, local units of government, and state agencies are exempt from financial liability for storage and towing fees. *Compare* Minn.Stat. § 169A.63, subd. 9(f) (explicit exemption if a vehicle is returned because a person is not convicted of the underlying offense) (referencing Minn.Stat. § 169A.42 (2008)), *and* (g) (explicit exemption if the owner did not have knowledge of the use) (referencing Minn.Stat. § 169A.42), *with* (h) (no exemption mentioned if the vehicle is returned after a judicial determination of forfeiture) (not referencing Minn.Stat. § 169A.42).

The DWI-related forfeiture statute in *Genin* parallels the drug-related forfeiture statute at issue here. Like Minn. Stat. § 169A.63, the statute before us is silent on who should pay the storage and towing fees. Despite the *Genin* decision and the legislative addition in 2000 exempting law enforcement and state agencies from storage and towing liability, the legislature has not extended the liability exclusion to Minn.Stat. § 609.5314 forfeiture proceedings.[4] Section 609.531, subdi-

---

**3.** In 2000, the legislature in part repealed Minn.Stat. §§ 169.121 to 169.123 and enacted ch. 169A relating to the same subject matter. 2000 Minn. Laws ch. 478. The current version of the statute construed in *Genin* is Minn. Stat. § 169A.63 (2008).

**4.** We note that in other forfeiture proceedings the legislature has expressly relieved the vehicle owner of responsibility for storage charges. For example, Minn.Stat. § 609.5312, subd., 3(c) (2008) provides, "If the defendant is acquitted or prostitution charges against the defendant are dismissed, neither the owner nor the defendant is responsible for paying any costs associated with the seizure or storage of the vehicle." Having

vision 5 immediately vests the right, title, and interest in the vehicle in the appropriate agency, which is defined as the law enforcement agency involved. *See* Minn. Stat. § 609.531, subd. 1(e) (defining "appropriate agency"). The *Genin* decision concluded that the statutory scheme indicates that these entities are responsible for the storage and towing fees. 622 N.W.2d at 119. Further, the decision not to file criminal charges against respondent removed any legal justification for the seizure.

While the district court was correct in holding appellant responsible for the towing and storage fees, this is an in rem action with the statutory provision that court-ordered costs should be paid from various agencies' forfeiture accounts. Minn.Stat. § 609.5314 subd. 3(d) (referencing Minn.Stat. § 609.5315, subd. 5 (2008)). The record does not disclose a reason why this legislative directive is not applicable, and the fees are allocated for payment accordingly.

 Finally, only payment of the storage and towing fees, totaling $2,515, should have been ordered. Expenses incurred by Ford Credit as the lien holder recovering and selling the vehicle are not part of towing or storage and thus not within the contemplation of the *Genin* case or the statute. These repossession/sale expenses are the responsibility of the debtor under secured-transaction law. Minn. Stat. § 336.9–607(d) (2008). Although the forfeiture initiative by the Roseville Police Department may have forced respondent into default, there is not a basis in the record for us to reach that conclusion, and respondent did not claim default-related damages in the district court or on appeal.

Accordingly, we do not further address such damages.

## V.

 The final issue raised by appellant is whether the district court abused its discretion in awarding attorney fees and legal costs as a sanction. This court will not reverse a district court's award of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn.1987).

Attorney fees are available by statute and by court rule. Minnesota law states that an attorney or pro se party is certifying that any document or argument presented to the court: (1) is not made for an improper purpose; (2) is warranted by existing law or is a nonfrivolous argument for a change in existing law; (3) has evidentiary support; and (4) any denials of factual contentions are based on the evidence or reasonably based on a lack of information or belief. Minn.Stat. § 549.211, subd. 2 (2008). A party seeking sanctions must serve a separate sanction's motion on the nonmoving party, wait 21 days, and only if the challenged conduct has not been withdrawn or corrected, file the motion for sanctions with the district court. *Id.,* subd. 4(a). The court may also enter an order on its own initiative. *Id.,* subd. 4(b). Sanctions may consist of an order directing the payment of reasonable attorney fees and expenses incurred as a direct result of the violation. *Id.,* subd. 5(a). Rule 11 is almost identical in language and procedure to Minn.Stat. § 549.211 and both conform to the federal rule. Minn. R. Civ. P. 11, Minn. R. Civ. P. 11 2000 advisory comm. cmt.

Our case law has generally held that a colorable or good-faith claim does not war-

gone both directions in absolving parties of seizure and storage charge liability, the legislature has indicated an awareness of the issue. For this reason, we look to the *Genin* supreme court decision as the controlling rule in the absence of legislative action.

rant sanctions. *Block v. Target Stores, Inc.*, 458 N.W.2d 705, 713 (Minn.App.1990), *review denied* (Minn. Sept. 28, 1990). *Genin* is sufficiently distinct from the facts here so as to not foreclose the argument that it did not apply. This case involves a different statute and there was not a judicial determination of forfeiture. Further, the argument that the caption error required dismissal by the district court has not been directly addressed by this court. Also, the procedure of the Roseville Police Department in releasing the vehicle was not governed by the sanctions statute or rule 11. The department was not under a court order to return the vehicle and did not make any representations in the litigation that trigger statutory or rule sanctions. We conclude that the district court's determinations do not support an award of sanctions under the statute or the rule.

 In addition to the statutory and rule-based authority to impose sanctions, district courts possess inherent authority to impose sanctions as necessary to protect their "vital function—the disposition of individual cases to deliver remedies for wrongs and justice freely and without purchase; completely and without denial; promptly and without delay, conformable to the laws." *Patton v. Newmar Corp.*, 538 N.W.2d 116, 118 (Minn.1995) (quotations omitted) (excluding expert witness testimony for spoliation of evidence). This includes awarding attorney fees. *Frazier v. Burlington Northern Santa Fe Corp.*, 788 N.W.2d 770, 783 (Minn.App.2010), *review granted* (Minn. Nov. 23, 2010). Attorney fees may be an appropriate sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (citation omitted). A finding of bad faith is necessary before

awarding attorney fees under the court's inherent power. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2465, 65 L.Ed.2d 488 (1980); *see also Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir.1993) (characterizing *Chambers* and *Roadway* as setting bad-faith standard for attorney fee awards, although not for all exercises of inherent power). While the district court has the inherent authority to award attorney fees as a sanction, the bad-faith basis must be identified and supported by the record.

Here, there is no district court finding or determination that attorney fees could be awarded on the basis of the district court's inherent authority. Although the district court found that "the Defendant acted unreasonably when it decided to abandon forfeiture and then gave Plaintiff two days in which to raise and pay towing and storage fees that he did not owe," the statement is not tantamount to a finding of bad faith. What is more, the record does not provide a basis for such a finding. There is no indication that the Roseville Police Department treated this case other than as a routine return of a seized vehicle. Shortcomings in the procedure followed by the Roseville Police Department in releasing respondent's vehicle do not establish bad faith directed at respondent. Although respondent was told that he owed the fees and was only given two days before his vehicle was released to Ford Credit, there is no evidence that respondent called the department or objected to his vehicle being released. We conclude that the record does not provide a basis for a finding of bad faith justifying an award of attorney fees and that the district court abused its discretion in awarding such fees and related costs as sanctions. However, as with towing and storage costs, appellant is entitled to reimbursement of the filling fees when the ultimate result in the judicial forfeiture action is

favorable. *See* Minn.Stat. § 609.5314, subd. 3(d). We remand to determine those fees.

## DECISION

We conclude that the district court had subject-matter jurisdiction over the judicial determination of forfeiture; that after the complaint was properly served and filed, the caption error did not require dismissal; and that the court did not abuse its discretion in permitting the caption to be amended. We also conclude that a party is not responsible for storage and towing fees if no charges are filed and a seized vehicle is returned. Those fees are the responsibility of the law-enforcement and governmental entities in the same manner that proceeds are divided under Minn.Stat. § 609.5315, subd. 5. We therefore affirm on those issues, reducing the award to the actual $2,515 for storage and towing fees. We also conclude that the district court erred in awarding attorney fees and related costs as a sanction.

**Affirmed in part, reversed in part, remanded.**