*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0609**

La'Mont Knazze, III,
Appellant,
Okhui Cho-Knazze,
Appellant,

vs.

JP Morgan Chase Bank, N.A.,
Respondent,

CTX Mortgage Company LLC,
d/b/a CTX Mortgage Company,
and Land Title, Inc.,
Respondents,

and Christensen Law Office, PLLP, lien claimant,
Respondent.

**Filed February 9, 2015**
**Affirmed**
**Ross, Judge**

Pine County District Court
File No. 58-CV-12-181

La'Mont Knazze, III, Eden Prairie, Minnesota (pro se appellant)

Okhui Cho-Knazze, Eden Prairie, Minnesota (pro se appellant)

Bryant D. Tchida, Stinson Leonard Street, LLP, Minneapolis, Minnesota (for respondent JP Morgan Chase Bank, N.A.)

Paul J. Hemming, Benjamin E. Gurstelle, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent CTX Mortgage Company, LLC)

Carl E. Christensen, Christensen Law Office, PLLC, Minneapolis, Minnesota (for respondent Christensen Law Office, PLLC)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**ROSS**, Judge

Three weeks before married couple La'Mont Knazze III and Okhui Cho-Knazze settled their four-year, foreclosure-related lawsuit against a bank and mortgage company, they ended their relationship with their attorney, Carl Christensen. Christensen filed an attorney-lien notice to cover his unpaid fees, and the bank and mortgage company deposited the settlement funds with the district court. The district court entered judgment in Christensen's favor in his attorney-lien dispute with the Knazzes. The Knazzes appeal on various theories, most of which depend on their view that Christiansen is not entitled to the judgment because he committed legal malpractice and breached his fiduciary duties. Because the Knazzes' arguments are not persuasive, we affirm.

## FACTS

La'Mont Knazze III and Okhui Cho-Knazze retained attorney Carl Christensen in August 2009 to represent them in challenging a foreclosure action on their home. Christensen represented the Knazzes for the next four years in litigation against JP Morgan Chase Bank, CTX Mortgage Company, and Land Title, Inc. Christensen's attorney-client relationship with the Knazzes ended in May 2013, and Christensen provided notice to the district court that he had an attorney lien for his legal fees.

2

The Knazzes and Christensen dispute the nature of Christensen's withdrawal. The Knazzes say Christensen withdrew, and Christensen says the Knazzes terminated the representation. Either way, the parties agree that the Knazzes let Christensen know that they were dissatisfied with him for initiating settlement discussions with the defendants, and the relationship was soon over.

Shortly after the attorney-client relationship ended, the Knazzes settled their claims in the foreclosure lawsuit with two of the defendants, JP Morgan and CTX Mortgage, and Christensen moved for a $2,776.68 judgment on his attorney lien. JP Morgan and CTX, aware of Christensen's lien, stipulated with Christensen that they would deposit the settlement proceeds with the district court under rule 67.02 of the Minnesota Rules of Civil Procedure, rather than pay the Knazzes directly. The district court accepted the stipulated deposit.

The district court conducted a hearing and found that the Knazzes owed Christensen $2,776.68 in fees, and it ordered judgment in that amount. The court also awarded Christensen another $2,434.56 in fees and costs incurred in the attorney-lien motion. It ordered the clerk of court to pay Christensen from the deposited settlement funds.

The Knazzes then moved to enforce their purported settlement agreement with the third defendant, Land Title Inc. The district court held a hearing and denied the motion because the Knazzes had provided the court with a draft settlement agreement signed only by themselves, not by Land Title. The Knazzes then moved to vacate various prior orders: they challenged the order that had adopted the stipulation between Christensen

3

and the defendants regarding depositing the settlement funds with the district court; they challenged the order awarding the attorney-lien judgment; they challenged the order granting fees and costs; and they challenged the order denying their motion to enforce the unexecuted settlement agreement. The district court therefore conducted another hearing.

Mr. Knazze appeared and argued in support of the motion that the orders should be vacated because the Knazzes' "motions ha[d] not been considered in their entirety." The district court denied the Knazzes' unclear motion to vacate as "untimely, unsupported and without merit," and it awarded Christensen an additional $974.50 in attorney fees because it found that the Knazzes acted unreasonably by making the motion.

Attorneys for JP Morgan and CTX Mortgage asked the district court to dismiss the Knazzes' underlying action against them with prejudice according to the settlement agreement, based on their fulfillment of their payment duty under the agreement. The Knazzes had refused to fulfill their duty under the settlement agreement to sign the stipulation for dismissal. The district court dismissed the Knazzes' lawsuit with prejudice.

The Knazzes appeal on various grounds.

**D E C I S I O N**

The Knazzes' appeal challenges the district court's orders adopting Christensen's stipulation with the defendants, granting judgment on the attorney lien, awarding attorney fees and costs, and dismissing their suit against JP Morgan and CTX Mortgage. Although the Knazzes' notice of appeal also includes a challenge to the order denying their motion to enforce their unexecuted settlement agreement with Land Title, they have waived that theory on appeal by failing to include any argument supporting it in their briefing. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

We have closely assessed the Knazzes' remaining arguments. We see no merit in them.

The Knazzes allege numerous errors to demonstrate that the district court abused its discretion by adopting the stipulation between Christensen and the defendants directing the defendants to deposit the settlement proceeds with the court. But the settling defendants knew that Christensen had filed an attorney lien in the action. And Minnesota Rule of Civil Procedure 67.02 specifically permits the defendants (as disinterested third parties to the legal-fees dispute between Christensen and the Knazzes) "to deposit the money or property into the court and be relieved of any further liability." *Auto Owners Ins. Co. v. Valadez*, 481 N.W.2d 398, 401 (Minn. App. 1992). The rule protects the defendants from becoming entangled in the Knazze-Christensen fee dispute, and the district court appropriately applied it.

The Knazzes' challenge to the source of the deposited funds—the settlement agreement itself—lacks any factual or legal merit. The Knazzes point to no evidence and

5

include no argument supporting their theory that Christensen, acting as their attorney, coerced them into entering the settlement agreement. And standing against the unsupported theory is the fact that the Knazzes entered the settlement agreement more than two weeks after their attorney-client relationship with Christensen ended.

The Knazzes also give no good reason for us to fault the district court's decision to dismiss their lawsuit with prejudice. Parties are bound by the terms of their settlement agreements. *Theis v. Theis*, 271 Minn. 199, 204, 135 N.W.2d 740, 744 (1965). The settlement agreement obligated the Knazzes to stipulate to the dismissal of their action against the defendants with prejudice in exchange for the defendants' payment of the settlement amount. The defendants paid the settlement amount by depositing it with the district court. The district court merely enforced the settlement agreement under the terms the Knazzes had negotiated. This is not error.

The Knazzes' various challenges to the district court's attorney-lien judgment also fall short. They contend that the judgment should not have been entered because Christensen committed legal malpractice and breached his fiduciary duties to the Knazzes. But an attorney-lien action is a summary proceeding, and "the practicalities of a summary proceeding do not support the notion that a district court must transform an attorney-lien proceeding into a legal-malpractice trial." *Thomas A. Foster & Assocs., LTD v. Paulson*, 699 N.W.2d 1, 7 (Minn. App. 2005). The district court did not abuse its discretion by refusing to consider issues that might be raised as defenses in litigation over the underlying fees. *See id*. at 8. It also properly awarded the lien judgment against the settlement proceeds in a case in which the Knazzes had been represented by Christensen

for four years. *See* Minn. Stat. § 481.13, subd. 1(a) (2012). The Knazzes had ample opportunity to oppose the motion for the attorney-lien judgment, but they raised no legally relevant defenses.

The Knazzes next challenge the district court's award of attorney fees to Christensen, which it issued under its "inherent power." District courts "are vested with considerable inherent judicial authority necessary to their vital function." *Patton v. Newmar Corp.*, 538 N.W.2d 116, 118 (Minn. 1995) (quotation omitted). This authority includes the power to award attorney fees as sanctions. *See id.* at 119 ("The task of determining what, if any, sanction is to be imposed is implicated by the broad authority provided the trial court."); *Peterson v. 2004 Ford Crown Victoria*, 792 N.W.2d 454, 462 (Minn. App. 2010) (noting that a district court's inherent authority to impose sanctions includes awarding attorney fees).

We review an award of attorney fees for an abuse of discretion. *Lappi v. Lappi*, 294 N.W.2d 312, 316 (Minn. 1980). The district court must find that the sanctioned party acted in bad faith before it awards attorney fees under its inherent authority. *Peterson*, 792 N.W.2d at 462. The Knazzes do not argue that the district court failed to make a bad-faith finding *as to them* or that the finding was clearly erroneous. They argue instead that the attorney fees should not have been awarded because *Christensen* acted in bad faith by committing legal malpractice. Because the Knazzes do not challenge the finding that they acted in bad faith by making untimely, unsupported, and meritless arguments, we will not look further into their challenge to the district court's fee-award decision.

The Knazzes present several other arguments for the first time on appeal. For example, they contend that the Christensen-defendant stipulation is invalid because Christensen and the defendants colluded in preparing it, which allegedly violated the terms of the settlement agreement. They also assert that Christensen and the defendants committed "fraud upon the court" by filing the stipulation that was signed by Christensen as "attorney for the plaintiffs." We generally do not consider arguments that were not presented to or considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). We see no exception to the general rule here, and we therefore will not consider these new arguments.

We affirm the district court's orders.

**Affirmed.**