*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-2018**

Thomas James Mitchell,
Appellant,

vs.

$6,429 of US Currency, et al.,
Respondents

**Filed August 3, 2015**
**Affirmed**
**Worke, Judge**

Stearns County District Court
File No. 73-CV-13-2842, 73-CR-13-1419

Charles L. Hawkins, Minneapolis, Minnesota (for appellant)

Janelle P. Kendall, Stearns County Attorney, Lotte R. Hansen, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Hudson, Judge; and Chutich, Judge.

## U N P U B L I S H E D   O P I N I O N

**WORKE**, Judge

Appellant challenges the district court's determination that he failed to properly serve a demand for judicial determination of a forfeiture. We affirm.

**FACTS**

On February 13, 2013, law enforcement obtained a warrant to search the residence of appellant Thomas James Mitchell for controlled substances. Officers seized marijuana, methamphetamine, drug paraphernalia, $6,429 in cash, $1,403 in collector bills, $52 in collector coins, 19 foreign collector coins, and 4.62 ounces of gold jewelry. The same day, the St. Cloud Police Department personally served upon Mitchell a Notice of Seizure and Intent to Forfeit Property for the cash, the collector bills and coins, and the gold jewelry.

Mitchell had 60 days—until April 15—to file a demand for judicial determination of the forfeiture. On April 1, Mitchell filed, via U.S. mail, a demand for judicial determination upon the Stearns County Court Administrator and the Stearns County Attorney's Office. The copy to the attorney's office included only one Acknowledgement of Service and did not include a prepaid, self-addressed envelope. The Stearns County Attorney's Office did not return the Acknowledgment of Service to Mitchell.

Following the conclusion of criminal proceedings against Mitchell, Stearns County moved to dismiss Mitchell's demand on the grounds that the district court lacked jurisdiction because service of the demand failed to meet the requirements of Minn. Stat. § 609.5314 (2012), which indicates that a demand must be filed in accordance with the Rules of Civil Procedure. The district court agreed, concluding that Mitchell's filing by mail failed to comport with civil rules 4.05 and 4.06, which set out the requirements of service of a complaint by mail, and dismissed Mitchell's demand. He now appeals.

# DECISION

"Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). Mitchell offers two arguments as to why his attempted service was valid.

## *2012 revision*

Mitchell first argues that a 2012 revision to Minn. Stat. § 609.5314 has injected ambiguity into the statute, and if that ambiguity is resolved in his favor it leads to the conclusion that service was valid. The following language was added in 2012: "The claimant may serve the complaint on the prosecuting authority by any means permitted by court rules." Minn. Stat. § 609.5314, subd. 3(a); *see* 2012 Minn. Laws ch. 128, § 19, at 29. Mitchell focuses on the language that a complaint may be served "by any means" permitted by court rules. He then contends that because he served his complaint in accordance with Rules of Civil Procedure 5.01 and 5.02, his service was valid.

We do not agree that the language is ambiguous. The 2012 revision is specific to complaints, and does not alter the fundamental difference between rule 4 and rule 5. Rule 4 governs proper service of a complaint. Rule 5 governs submission of pleadings and documents served *after* the complaint has been properly filed. Rule 5.01 is explicit that it applies to "every pleading *subsequent* to the original complaint." Minn. R. Civ. P. 5.01 (emphasis added). The language of both rules highlights the distinction between them.

3

Much of Mitchell's argument is devoted to advancing the idea that recent statutory revisions were intended to provide more leeway to those who wish to challenge an administrative forfeiture. *E.g.*, 2012 Minn. Laws ch. 128, § 18, at 28-29. But review of the changes does not lead to Mitchell's conclusion. A review of the changes indicates that the language was modified so as to be more understandable and the consequences of inaction more apparent to a layperson, not that a material change was intended.

Next, Mitchell asserts that Stearns County, via the St. Cloud Police Department, initiated the action when it notified him of its intent to forfeit the property, and thus his filing qualifies as a "response," and therefore he need only comply with rule 5, and not rule 4. But the district court has jurisdiction once the *claimant* has filed according to Minn. Stat. § 609.5314; if the claimant fails to serve and file a demand, a forfeiture proceeding is not initiated. *Peterson v. 2004 Ford Crown Victoria*, 792 N.W.2d 454, 458 (Minn. App. 2010). "This means that unless a plaintiff starts a lawsuit, there is no proceeding." *Id.*

Mitchell's mailing failed to fulfill the requirements for serving a complaint. The text that Mitchell relies upon specifies that it applies to service of a complaint, and thus does not permit him to employ rules of service that explicitly apply to filings other than a complaint. And it was Mitchell's responsibility to initiate an action to recover his property; the courts are not involved until he acts, so his filing was not a response to an action initiated by Stearns County.

*Service not subject to civil rules*

Mitchell also argues that the rules of civil procedure do not apply at all to his filing, and thus service was proper. He asserts that the civil rules apply only after his demand is filed, not before or coincident with it.

Mitchell's argument fails because he cites only civil rules 5.01 and 5.02 to support his contention that his filing was proper. Mitchell cannot simultaneously argue that the civil rules do not apply, and then validate his attempted service using those same rules. Mitchell fails to identify which rules would be applicable if he is correct that the civil rules do not govern. He does not indicate how a district court is to review the acceptability of his filing if indeed the civil rules are inapplicable. As best can be discerned from Mitchell's brief, it seems that a district court is only to look to section 609.5314, subdivision 3(a), but that statute expressly states that "[t]he demand must be in the form of a civil complaint," and includes no details as to how that complaint must be served.

The only statute at issue in this case is dispositive and clear: "The proceedings are governed by the Rules of Civil Procedure." *Id*.

**Affirmed.**