NO. 91-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CONTINENTAL REALTY, INC., a Montana corporation,

      Plaintiff and Respondent,

   -vs-

ARTHUR STANLEY GERRY and wife, HARRIET GERRY,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          John F. Lynch, Law Offices of John F. Lynch, Great
          Falls, Montana.

      For Respondent:

          Charles Reed, President of Continental Realty,
          Appearing Pro Se, Butte, Montana.


                Submitted on Briefs:  September 24, 1991

                          Decided:  December 19, 1991

Filed:

                          Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The respondent, Continental Realty, Inc., brought an action against the appellants, Arthur Stanley Gerry and Harriet Gerry, seeking to have the appellants vacate the premises at 1530 Phillips Avenue in Butte, Montana and to recover attorney's fees and costs. The basis for the action was that the appellants were in default under a contract for deed between the parties. The appellants counterclaimed for damages for emotional distress and attorney's fees on the ground that the respondent breached its fiduciary duty and wrongfully canceled the contract for deed. The District Court of the Second Judicial District, Silver Bow County, sitting without a jury, ruled that the respondent did not sustain its burden of proof that the appellants were in default and reinstated the contract for deed between the parties. No ruling was made on the appellants' counterclaim. The appellants appeal. We remand to the District Court for entry of appropriate findings of fact and conclusions of law and judgment on the appellants' counterclaim.

The sole issue we address on appeal is whether the District Court erred in failing to rule on the appellants' counterclaim.

The respondent and the appellants entered into a contract for deed on August 4, 1975, whereby the respondent agreed to sell residential property to the appellants for monthly payments of $153, together with $42 per month to be held in reserve for the payment of taxes and insurance. In addition to being the seller of the property, the respondent was the escrow holder as designated in the pre-printed contract for deed form prepared by the respondent.

In April 1983, the respondent claimed that the appellants were in default under the contract for deed in the amount of $2,490.56; it served a notice of cancellation of the contract upon the appellants. After thirty days the respondent canceled the contract. A three-day notice to surrender possession was served on the appellants on August 10, 1983. The record indicates that the appellants continued to occupy the premises and tendered monthly payments to the respondent in the amount of $200 through the time of trial. The respondent designated these payments as rental payments instead of payments on the contract for deed.

On November 8, 1983, the respondent filed the present action against the appellants in which it sought to have the appellants vacate the premises and to recover attorney's fees and costs on the ground that the appellants were in default under the contract for deed. The appellants counterclaimed for emotional distress and attorney's fees on the ground that the respondent breached its fiduciary duty and wrongfully canceled the contract for deed. A nonjury trial on the matter was eventually held in the District Court on December 4, 1990. On January 16, 1991, the District Court entered its findings of fact and conclusions of law in which the court concluded that the respondent did not sustain its burden of proof that the appellants were in default. The court reinstated the contract for deed between the parties at a balance owing of $16,000. No specific findings of fact or conclusions of law were made on the appellants' counterclaim for damages for emotional distress and attorney's fees. Judgment was entered on March 11,

1991. This appeal followed.

Did the District Court err in failing to rule on the appellants' counterclaim?

Initially, we note an issue of importance which has not been raised by the appellants. Although the respondent was represented at trial by counsel, it appears on appeal solely through Charles Reed in his capacity as president of the corporation. A corporation is a separate legal entity and cannot appear on its own behalf through an agent other than an attorney. Weaver v. Law Firm of Graybill, et al. (1990), 246 Mont. 175, 803 P.2d 1089; Annotation, Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who Is Not Attorney, 19 A.L.R.3d 1073 (1968). Therefore, Mr. Reed cannot appear on behalf of the respondent corporation. Accordingly, we have considered only the brief of the appellants and the record before us for purposes of this appeal.

Rule 52(a), M.R.Civ.P., requires the District Court, in a nonjury trial, to find the facts specially and state separately its conclusions of law. The purpose of this requirement is threefold in nonjury cases: (1) as an aid in the trial judge's process of adjudication; (2) for purpose of res judicata and estoppel by judgment; and (3) as an aid to the appellate court on review. United Methodist Church v. D.A. Davidson, Inc. (1987), 228 Mont. 288, 295, 741 P.2d 794, 799.

At the close of the evidence at trial, the District Court stated on the record:

> You've got a counterclaim, Mr. Lynch, you think is appropriate under the circumstances, particularly since

4

you were saying because of Mr. Reed wearing two hats and being the seller as well as the escrow holder, that there is a breach of some fiduciary relationship. I would like to see some law, if there is any on that point. You should, Mr. Richardson, anticipate that and brief the same point.

After the matter was briefed, the District Court made the following pertinent findings of fact and conclusions of law on January 16, 1991:

## FINDINGS OF FACT

17. Not only did Plaintiff not sustain its burden of proof as to default and eviction, these actions of the Plaintiff all evidenced a breach of Plaintiff's fiduciary duty to Defendants since it was acting as both the Seller and the Escrow Agent.

18. That because of Plaintiff's various breaches of his fiduciary duty owed the Defendants, the Plaintiff was without authority to find the Defendants in default, forfeit the contract between the parties, and evict the Defendants.

## CONCLUSIONS OF LAW

3. That Plaintiff violated its fiduciary relationship to the Defendants because it was acting as both the Seller and the Escrow Holder.

Thus, the District Court apparently agreed with the appellants' position that the respondent breached its fiduciary duty. However, the court made no findings of fact or conclusions of law as required by Rule 52(a), M.R.Civ.P., regarding the appellants' counterclaim for damages for emotional distress and attorney's fees to which the appellants alleged they were entitled as a result of the respondent's breach of fiduciary duty. In addition, the District Court's Judgment, entered March 11, 1991, includes no mention of the appellants' counterclaim for damages and attorney's fees. Therefore, we remand to the District Court with

5

instructions to make findings of fact and conclusions of law regarding the appellants' counterclaim, and to enter the appropriate judgment.

The appellants maintain that this Court should direct entry of judgment in their favor on the counterclaim since the evidence concerning damages as a result of the respondent's breach of fiduciary duty is uncontested. Rule 52(a), M.R.Civ.P., provides that "[d]ue regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Here, deference to the trial court's superior position to observe the witnesses and assess their credibility requires that the trial court enter appropriate findings. This Court will not review the record for the purpose of making its own findings.

Remanded to the District Court for entry of appropriate findings of fact, conclusions of law and judgment on the appellants' counterclaim.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

December 19, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

John F. Lynch
Attorney at Law
P.O. Box 2265
Great Falls, MT  59403

Charles Reed, President
Continental Realty, Inc.
2053 Harrison Avenue
Butte, MT  59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
  Deputy