No. 99-609

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 239N

C. COX,

Plaintiff and Appellant,

v.

RODNEY E. ARNOLD, CLAUDE BURLINGAME,

ROCKY MOUNTAIN BANK OF PLAINS, a

corporation, and RUSSELL B. ICENOGGLE,

Defendants and Respondents.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

C. Cox, *Pro Se*, Plains, Montana

For Respondents:

Norman H. Grosfield, Attorney at Law, Helena, Montana

(for Rodney E. Arnold)

Daniel D. Johns; Crowley, Haughey, Hanson, Toole & Dietrich,

Kalispell, Montana (for Rocky Mountain Bank of Plains and

Russell B. Icenoggle)

Submitted on Briefs: October 25, 2001
Decided: December 4, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 C. Cox appeals from the decision of the Twentieth Judicial District Court, Sanders County, dismissing his complaint to set aside a sheriff's sale of real property. Cox states five issues for appeal, but his lack of standing as a real party in interest precludes our consideration of any of those issues. We dismiss the appeal.

¶3 Cox's complaint filed in the District Court seeks to set aside a sheriff's sale of real property on grounds that the sale did not comply with statutory procedural requirements. Title to the real property sold at the sheriff's sale was held by a corporation, 1804, Inc., of which Cox was a shareholder and President. Cox, who is not an attorney, also filed this appeal.

¶4 Rule 17(a), M.R.Civ.P., provides that "[e]very action shall be prosecuted in the name of the real party in interest." In a dispute involving real property, a party vested with legal title to the property is the real party in interest. *Kudloff v. City of Billings* (1993), 260 Mont. 371, 374, 860 P.2d 140, 142 (citation omitted).

¶5 Moreover, when a corporation has a legal claim, the claim cannot be brought by anyone other than the corporation. *Kondelik v. First Fidelity Bank of Glendive* (1993), 259 Mont. 446, 453-54, 857 P.2d 687, 692. As a separate legal entity, a corporation cannot appeal on its own behalf through an agent other than an attorney. *Continental Realty, Inc. v. Gerry* (1991), 251 Mont. 150, 152, 822 P.2d 1083, 1085 (citations omitted).

¶6 Under the authority set forth above, 1804, Inc., not Cox, is the real party in interest in the underlying matter. Finally, even if 1804, Inc., had filed the complaint, Cox, as a non-attorney, would not be entitled to appeal on the corporation's behalf.

¶7 Therefore, this appeal is dismissed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JIM RICE