

DA 11-0236

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 51

H & H DEVELOPMENT, LLC, and DAVID HOUSE,

        Plaintiffs and Appellants,

   v.

JAMES RAMLOW, KAUFMAN, VIDAL,
HILEMAN P.C., RAMLOW & RUDBACH PLLP,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 10-126B
                    Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Timothy B. Strauch, Strauch Law Firm, PLLC, Missoula, Montana

        For Appellees:

                Mikel L. Moore; Christensen, Moore, Cockrell, Cummings & Axelberg, P.C.,
                Kalispell, Montana

                          Submitted on Briefs:   December 21, 2011

                                     Decided:  March 6, 2012

Filed:

            _____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 H & H Development (H&H) and David House appeal the order from the Eleventh Judicial District Court, Flathead County, granting summary judgment to Jim Ramlow (Ramlow), his former law firm, Kaufman, Vidal, Hileman P.C., and his current law firm, Ramlow & Rudbach PLLP (collectively "Firms"). We reverse and remand.

¶2 We review the following issue on appeal:

¶3 *Did the District Court properly grant summary judgment to Ramlow and the Firm based upon its determination that H&H's pro se 2007 complaint constituted a nullity and that H&H's later amended complaints were time-barred?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Slade House and his father, David House (collectively "Houses"), compose H&H. H&H sought to develop and sell property and homes adjacent to the Eagle Bend Golf Course (Eagle Bend) in Bigfork, Montana. Houses hired Ramlow to help them meet the regulatory requirements related to the development of the project.

¶5 Ramlow began to work on H&H's requests. Ramlow set up various corporate entities. Ramlow drafted a Boundary Adjustment and Golf Membership Agreement (Agreement) with Eagle Bend. The Agreement required Eagle Bend to convey the property free of encumbrances except such encumbrances acceptable to H&H. It allowed H&H to cancel the Agreement if Eagle Bend failed to convey free and clear title.

¶6 Ramlow emailed an electronic version of the Agreement to Eagle Bend and its lawyers. Ramlow alleged that Eagle Bend's lawyers made several untracked changes to the

2

electronic version of the Agreement. Eagle Bend's lawyers apparently deleted three terms: a specific closing date, a provision for transfer of the required property density units, and the requirement for transfer of free and clear title. Eagle Bend returned the now revised Agreement to Ramlow. Ramlow acknowledges that he failed to review the document for any changes. Slade House and an Eagle Bend representative both signed the Agreement.

¶7 The parties contest the circumstances under which Slade House signed the Agreement. Ramlow claimed that Eagle Bend sent the Agreement directly to Slade House. Slade House alleged that someone from Ramlow's office called to inform him that the Agreement was ready for his signature. He claims that he signed the document in front of Ramlow's paralegal. H&H defaulted and lost the subdivision in 2009. David House later lost his personal residence that he had used as collateral for a business loan.

¶8 H&H filed a complaint in Lake County against Ramlow and Ramlow's then firm, Kaufman, Vidal, Hileman and Ramlow, P.C., on March 8, 2007. Slade House signed the Lake County complaint on behalf of H&H. The complaint alleged professional negligence and damages that arose from Ramlow's failure to review the altered Agreement. The clerk of court never issued a summons on the Lake County complaint and Slade House never served the Lake County complaint.

¶9 Eleven days after filing the Lake County complaint, H&H, through counsel, filed a complaint in Flathead County against Eagle Bend. The Flathead County complaint sought damages based on allegations similar to those in the Lake County complaint. H&H settled with Eagle Bend in February, 2010.

3

¶10 H&H, through counsel, filed a motion on January 20, 2010, that sought to transfer the Lake County complaint to the 11th Judicial District, Flathead County. The district court in Lake County granted H&H's motion to transfer on January 22, 2010. The court in Flathead County granted H&H's motion to file an amended complaint in February, 2010. This amended complaint added David House as a plaintiff, renamed Ramlow's former firm, and added as a defendant Ramlow's current law firm, Ramlow & Rudbach PLLP. The complaint also included a lawyer's signature. H&H served Ramlow with this complaint on February 9, 2010.

¶11 Ramlow and the Firms filed a motion to declare the Lake County complaint null and void. The District Court granted the motion. The court determined that the Lake County complaint constituted a nullity in light of the fact that a non-lawyer could not file a complaint on behalf of a limited liability company.

¶12 Ramlow and the Firms filed for summary judgment in March, 2010 based upon the running of the applicable statute of limitations. The District Court granted H&H's second motion to amend its complaint in July, 2010. The District Court granted summary judgment for Ramlow and the Firms in February, 2011. Ramlow and the Firms moved for the entry of final judgment. H&H and David House opposed the request for entry of final judgment on the grounds that the relation back doctrine, as recognized by M. R. Civ. P. 15(c), saved H&H's and David House's amended complaint from the time bar. The District Court entered final judgment against H&H and David House on March 29, 2011.

STANDARD OF REVIEW

4

¶13 A court's application of M. R. Civ. P. 15(c) to undisputed facts presents a question of law. *Citizens Awareness Network v. Mont. Dept. of Envtl. Rev.,* 2010 MT 10, ¶ 13, 355 Mont. 60, 227 P.3d 583. We review de novo questions of law. *Citizens Awareness*, ¶ 13. We similarly review de novo a court's grant or denial of a summary judgment motion. *Lampi v. Speed*, 2011 MT 231, ¶ 10, 362 Mont. 122, 261 P.3d 1000. Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Lampi*, ¶ 11.

## DISCUSSION

¶14 We first dispose of two procedural issues. H&H and David House contend that the five-year statute of limitations for breach of contract actions should apply here. Section 27-2-202(2), MCA. The District Court applied the three-year statute of limitations for legal malpractice claims. Section 27-2-206, MCA. H&H and David House added claims for breach of contract and breach of fiduciary duty to their second amended complaint. We determined in *Guest v. McLaverty*, 2006 MT 150, ¶¶ 12-13, 332 Mont. 421, 138 P.3d 812, that if a plaintiff's claims all sound in legal malpractice, "[a] plaintiff cannot, simply by virtue of mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation." The District Court correctly concluded that H&H's and David House's case is "clearly grounded in alleged professional malpractice." The three-year statute of limitations for professional malpractice actions applies here. Section 27-2-206, MCA.

¶15    Ramlow and the Firms next argue that H&H and David House waived their arguments not made before the District Court granted summary judgment to Ramlow and the Firms. We generally will not address issues raised for the first time on appeal or changes in legal theory. *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100. H&H and David House argued in their brief opposing Ramlow's motions for summary judgment and to strike, however, that this Court never has determined that a *pro se* complaint constitutes a nullity. H&H and David House pointed to the fact that Ramlow and the Firms exclusively relied upon cases from other jurisdictions to support their argument that the court should strike H&H's 2007 complaint. In light of these circumstances, H&H's and David House's appeal "does not amount to such a significant change in legal theory that we must decline to consider [its] appeal." *Becker v. Rosebud Operating Serv., Inc.,* 2008 MT 285, ¶ 18, 345 Mont. 368, 191 P.3d 435. We turn then to the merits of H&H's and David House's appeal.

¶16    H&H and David House argue that the District Court failed to apply the relation back rule, contained in M. R. Civ. P. 15(c), to their amended complaint. The rule allows an amended pleading to relate back to the date of the original complaint if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. M. R. Civ. P. 15(c).

¶17    The expiration of the applicable statute of limitations does not bar an amended pleading when the amendment fits the requirements of M. R. Civ. P. 15(c). *Citizens Awareness*, ¶ 21. M. R. Civ. P. 15(c) permits a claim raised in an amended pleading to relate

back to the date of the original complaint. In this way, M. R. Civ. P. 15(c) removes the protection to a defendant otherwise afforded by the statute of limitations when a party amends a complaint. *Prentice Lumber Co. v. Hukill,* 161 Mont. 8, 15, 504 P.2d 277, 281. M. R. Civ. P. 15(c) allows a court to render a dispositive decision on the merits of a party's argument, rather than on technicalities. *Citizens Awareness*, ¶ 21. We face the issue of whether H&H's and David House's amended complaint should relate back, pursuant to M. R. Civ. P. 15(c), to the date of H&H's filing of its *pro se* complaint in Lake County in 2007.

¶18 Montana law generally does not permit a corporation to file an action *pro se.* A corporation "cannot appear on its own behalf through an agent other than an attorney." *Contl. Realty, Inc. v. Gerry,* 251 Mont. 150, 152, 822 P.2d 1083, 1084 (1991). Non-lawyers who attempt to represent corporations or partnerships in court are guilty of contempt of court. *Zempel v. Liberty*, 2006 MT 220, ¶ 18, 333 Mont. 417, 143 P.3d 123; § 37-61-210, MCA. Our references to corporations in this opinion apply with equal force to partnerships, limited liability companies, and similar entities.

¶19 This Court determined in *Weaver v. Law Firm of Graybill, Ostrem, Warne & Crotty,* 246 Mont. 175, 803 P.2d 1089 (1990), that Weaver, a non-lawyer stockholder, could not bring a *pro se* action on a corporation's behalf. The Court thus reviewed only the stockholder's claims for which he had individual standing. *See also Zempel,* ¶ 18. Weaver unfortunately failed to heed these decisions. We recently rejected Weaver's *pro se* effort in *Weaver v. Adv. Refrigeration*, 2011 MT 174, 361 Mont. 233, 257 P.3d 378, to reverse a district court's grant of summary judgment based on the plaintiff's lack of standing. We

7

instead reaffirmed that a shareholder may not bring a claim that belongs to the corporation. *Weaver*, ¶ 15.

¶20 Similarly, counsel represented Continental Realty at a bench trial in the district court in an eviction dispute between Continental Realty and its tenants. *Cont. Realty*, 251 Mont. at 151, 822 P.2d at 1084. The tenants prevailed in the district court. Continental Realty filed a brief on appeal signed by its president, a non-lawyer. *Cont. Realty*, 251 Mont. at 151, 822 P.2d at 1084. The Court declined to consider Continental Realty's brief due to the corporation's representation by a non-lawyer.

¶21 *Weaver* and *Continental Realty* stand for the proposition that a non-lawyer may not represent a corporation at trial or on appeal. They do not address directly the issue of whether a complaint filed on behalf of a corporation by a non-lawyer should be considered a nullity. Similarly, these decisions do not address whether a complaint filed on behalf of a corporation by a non-lawyer can be resuscitated by the eventual appearance of a lawyer on behalf of the party. H&H's and David House's appeal squarely present these issues.

¶22 The North Dakota Supreme Court in *Carlson v. Workforce Safety and Insurance*, 765 N.W.2d 691, ¶ 26 (N.D. 2009), determined that "[t]he proper remedy when a corporation is represented by a non-attorney agent is to dismiss the action and strike as void all legal documents signed and filed by the non-attorney." Several jurisdictions, on the other hand, have deemed *pro se* corporate complaints "curable defects." The Arizona Supreme Court held in *Boydston v. Strole Development Co.*, 969 P.2d 653, 656 (Ariz. 1998), that "a reasonable opportunity should be given to cure the problem" of a *pro se* corporate filing.

8

The Utah Court of Appeals in *Graham v. Davis County Solid Waste Management and Energy Recovery Special Service District*, 979 P.2d 363, ¶ 15 (Utah Ct. App. 1999), likewise rejected the district court's determination that a *pro se* complaint filed by a corporation constitutes a complete nullity. The party potentially could have cured the defect by entering an appearance of counsel on its behalf. *Graham,* ¶ 15. To treat a *pro se* corporate complaint as a "curable defect" leaves open the possibility of amending the complaint to add a lawyer's signature.

¶23    We have not yet addressed factors that a district court should apply to a *pro se* corporate complaint if the corporation later amends the filing to include a lawyer's signature and then attempts to relate it back to the original complaint using M. R. Civ. P. 15(c). The Minnesota Supreme Court in *Save Our Creeks v. City of Brooklyn Park,* 699 N.W.2d 307 (Minn. 2005), addressed such a scenario. A federal district court certified the question of "whether a complaint filed and signed on behalf of a corporate entity by a non-lawyer is a legal nullity." *Save Our Creeks,* 699 N.W.2d at 309. The court answered the certified question in the negative. *Save Our Creeks,* 699 N.W.2d at 308. The court determined that a corporate complaint signed by a non-lawyer does not necessarily constitute a nullity. *Save Our Creeks,* 699 N.W.2d at 311. The court considered whether the corporation acted with knowledge that filing a *pro se* complaint was improper. The court analyzed whether the corporation had obtained counsel upon notice that it could not file *pro se*. The court evaluated the scope of the non-lawyer's participation. And finally, the court reviewed

9

whether the non-lawyer's involvement had prejudiced the opposing party. *Save Our Creeks,* 699 N.W.2d at 311.

¶24 A district court has discretion to determine whether a corporation should be able to relate back to an amended complaint signed by a lawyer, to its original, *pro se* complaint. The district court in *Weaver* warned Weaver of the need to amend his *pro se* complaint to name a corporation as a party. *Weaver*, ¶ 16. Weaver failed to seek leave to amend during the nearly one year period that the court's scheduling order allowed for amendments. *Weaver*, ¶ 17. We affirmed. *Weaver*, ¶ 19.

¶25 Courts should apply the factors deemed relevant by the Minnesota Supreme Court in *Save Our Creeks*. These factors include whether the entity had knowledge that it could not file a *pro se* complaint, the amount of time that has elapsed between learning of the prohibition and seeking counsel, whether the *pro se* complaint caused prejudice to the opposing party, and how extensively the non-lawyer participated in the proceeding.

¶26 The Tennessee Supreme Court deemed a missing lawyer's signature on a corporation's complaint to constitute a "defect in the filing." *Old Hickory Eng. and Mach. Co. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996). The court declined to allow an appearance by counsel to resuscitate the earlier filed complaint. Counsel appeared for the first time more than one month after the defendant first had raised the issue. This month interval in the filing could not be considered "prompt" action to cure the defect in the original complaint. *Old Hickory,* 937 S.W.2d at 786.

10

¶27 A district court must evaluate the circumstances of each case as it arises. A district court's analysis of these factors will ensure that district courts will not declare an otherwise valid complaint void for technical reasons. *Citizens Awareness*, ¶ 21. It further will ensure that corporations do not take advantage of the relation back doctrine offered by M. R. Civ. P. 15(c).

¶28 We do not need to reach the question of whether the District Court properly granted summary judgment to Ramlow and the Firms. We instead reverse and remand to the District Court to assess whether M. R. Civ. P. 15(c) permits H&H's and David House's 2010 amended complaint in Flathead County to relate back to H&H's 2007 Lake County complaint pursuant to the criteria set forth in this opinion.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE